# Forcheimer & Co, v. Port of Mobile.

*Bill in Equity to Enjoin Enforcement of Municipal Ordinance.*

1. *Injunction of enforcement of municipal ordinance.*—A court of equity will not interfere by injunction at the instance of an individual seeking to restrain the enforcement of a municipal ordinance, no question as to the protection of a franchise as to him being involved, no irreparable damage to him being threatened, and the invalidity of the ordinance not having been established at law.

APPEAL from Chancery Court of Mobile.

Heard before the Hon. THOMAS W. COLEMAN.

Complainants, and appellants, who are wholesale merchants and warehousemen in the Port of Mobile, and do business on and near the street upon which the railroad track runs, sought to enjoin the enforcement of a municipal ordinance prohibiting the loading and unloading of cars in

[City Council of Montgomery v. Louisville & Nashville R. R. Co.]

the public streets of Mobile. The ordinance is that discussed in the case of the *Port of Mobile v. L. & N. R. R. Co.* just preceding this, and in which at the suit of the *R. R. Co.*, enforcement thereof was enjoined.

OVERALL & BESTOR, for appellant.
R. H. CLARKE, *contra*.

SOMERVILLE, J.—Under the principles settled in *The Port of Mobile v. The Louisville & Nashville Railroad Co.*, decided at the present term, and the case of *Burnett v. Craig*, 30 Ala. 135; s. c. 68 Amer. Dec. 115, the facts stated in the complainants' bill do not present a case of irreparable damage threatened by the enforcement of the municipal ordinance sought to be enjoined, and no question being involved as to the protection of a franchise, the decree of the chancellor must be affirmed. Before the injunctive aid of a chancery court can be successfully invoked in this case, the complainants must first establish the invalidity of the ordinance in question by judgment of a court of law. Their remedy at law is not shown to be inadequate.

Affirmed.

*Bill in Equity to Enjoin Enforcement of Municipal Ordinance.*

