band and being owner of a separate estate, which fact was known to plaintiff's agents; and that through her husband she had secured attorneys and prepared her plea which was filed in the clerk's office. To this motion plaintiff demurred on the ground, among others, that the judgment could be set aside only for error appearing on the face of the record. The demurrer was overruled, and after hearing testimony of Steed and wife relating to the sickness of the former at the time of the trial, the court set aside the judgment.

J. J. BULL, by C. J. THORNTON, for plaintiff.

J. H. WORRILL and J. H. McGEHEE, for defendant.

---

NELMS *et al.* *v.* PINSON *et al.*

That the defendants (twenty-seven in number) intend and threaten to put the stock law in force on a named future day in a certain militia district in pursuance of the declared result of a local election which the petitioners allege to be void, and will after that day take up and impound stock found running at large in the district, is no cause for injunction. There is no provision of law for attacking the validity of the election either directly or collaterally until some actual case arises which puts its validity in issue.

April 3, 1893. Argued at the last term.      *Judgment affirmed.*

Petition for injunction. Before Judge BOWER. Dougherty county. At chambers, December 24, 1892.

The petition prayed, among other things, for injunction commanding the defendants not to take up, impound, or in any wise interfere with the animals, stock or property of any of plaintiffs, under the stock law or any alleged rights based on an election which had been declared for "no fence," and which plaintiffs alleged was, for may reasons specified, illegal and fraudulent.

WOOTEN & WOOTEN, for plaintiffs. JESSE W. WALTERS, by HARRISON & PEEPLES, for defendants.