## STAMPS *v.* HARDIGREE.

1. Under the act of the General Assembly approved December 24th, 1896, a writ of error, if duly tendered to the trial judge, will not be dismissed because of a failure upon his part to certify the same within the time prescribed by law.
2. Where the subject-matter of a controversy involved in a claim case is within the jurisdiction of the court to which it is returned, if the claimant appears and joins issue thereon without pleading to the jurisdiction, in so far as it affects her person, and without exception to the levy, such conduct amounts in law to a waiver of any question upon the jurisdiction of the court as to the person of the claimant, and a judgment subjecting the property concludes her not only as to the questions actually tried, but also such as might have been made upon the trial.

Argued January 8,—Decided January 21, 1897.

Bail trover. Before Judge Berry. City court of Atlanta. March term, 1896.

Mrs. Lizzie Hardigree, formerly Roberson, brought trover against Stamps for a piano. He defended on the grounds, that he had acquired the title by becoming the purchaser at a constable's sale of the piano, and that the question of title had been adjudicated against the plaintiff. It appears, that an execution in favor of one Hamrick against J. H. and Sarah Roberson, issued from the justice's court of the 1122d district G. M., of Carroll county, was backed by Orr, justice of the peace of the 1026th district G. M., of Fulton county, and was thereupon levied by a constable of that district upon this piano at the residence of plaintiff in the 1422d district G. M., of Fulton county. Plaintiff interposed her claim and gave the statutory bonds; and the constable returned the papers to Orr's court. Prior to the trial of the claim case before him, he called the attention of counsel for both sides to the fact that the claim should be returned to the justice's court of the 1122d district G. M., of Carroll county. Both of said counsel then and there consented to the trial of the claim case in the

justice's court of the 1026th district G. M., of Fulton county; and it was there tried, the claimant (now plaintiff) being present in person and by her attorney, and not pleading to the jurisdiction but pleading to the merits. The property was held subject to the execution; whereupon an appeal to a jury in said court was taken by claimant. Pending this appeal she filed a plea to the jurisdiction, on the ground of her residence in the 1422d district; and upon the call of the case, her counsel demurred to the jurisdiction, on the ground that the claim should have been returned to the 1122d district in Carroll county. Justice Orr struck the plea and overruled the demurrer, upon the facts before recited; and the jury found the property subject to the execution, upon which verdict judgment was entered that the execution proceed. Subsequently the constable before mentioned sold the piano under the execution, as the property of J. H. Roberson, and Stamps became the purchaser, being the highest bidder.

The trial judge held, that the levy and all proceedings thereunder were void, and that plaintiff was not estopped, by the adjudication of the claim case against her, from setting up title in herself in the present action; and excluded the evidence offered by defendant in support of his defences. To these rulings defendant excepted.

*James L. Key* and *J. C. Jenkins*, for plaintiff in error.
*S. D. Johnson* and *Albert & Hughes*, contra.

ATKINSON, Justice.

1. To substantiate the proposition announced in the first head-note, it is only necessary to examine the act to which reference is made. Acts 1896, p. 45.

2. Jurisdiction of the person and subject-matter is essential to the validity of a judgment. As to the former, it may be waived; as to the latter, it may not. So far as appears from the record, the subject-matter of the litigation involved in the claim case was within the jurisdiction of the justice's

11

court to which it was returned. In the regular course of proceedings it would probably have been correct to have returned the execution and claim to the court whence the execution issued, in order that the issue upon the claim might be there tried, but it was entirely competent for the parties to waive this proceeding. Conceding even that the execution was returned to the wrong justice's court in the present case, yet it appears from the record that the claimant appeared and joined issue with the plaintiff in execution, tried the question of title, and acquiesced in the judgment subjecting the property. When she afterwards brought an action of trover to recover the property levied on from the person to whom it was sold at judicial sale, after its condemnation in the claim case, the judgment rendered in that case was as conclusive against her as to all matters which were involved therein, as the judgment in the present case would be in the event the defendant shall finally prevail. In the case of *Almand* v. 'Scott, 83 'Ga.* 403, it was decided that if a claim be interposed, and be returned to the district in which the defendant resides, and the claimant go to trial there without objection to the jurisdiction, he waives that objection. That the [distress] warrant is returnable to another district does not entitle him to have the levy dismissed. So we think that inasmuch as the plaintiff in the present case was a party to the claim case, submitted herself to the jurisdiction of the court to which it was returned, and acquiesced in the judgment, that judgment settles the title to the property so far as she is concerned; and whether or not it be so in fact, it is in law, by force of the judgment, the property of the defendant in execution, and the purchaser thereof at judicial sale under the same execution takes the title free from any supposed right of the claimant.

We conclude, therefore, that the court erred in not holding the plaintiff estopped by the judgment in the claim case, and in excluding from the jury the evidence offered by the defendant in support of his title.

*Judgment reversed. All the Justices concurring.*