# Inglis *v.* Freeman.

*Bill in Equity to enjoin Criminal Prosecution and to Quiet Title.*

1. *Injunction; equity will not restrain criminal prosecution.*—A court of equity will not interfere by injunction to restrain a criminal prosecution.

2. *Bill to quiet title to timber; when not maintained.*—A bill to determine the claim to real estate and to quiet title, as provided by the statute, (Code, § 809), can not be maintained by one who purchased the timber from certain specifically described land, against the owner of said land, who, subsequent to said purchase, objected to the complainant entering upon said lands and removing said timber, and who had instituted criminal prosecution for trespass after warning.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellant, George W. Inglis, against the appellee, Alabama Freeman, and averred that in January, 1895, the complainant purchased from the defendant and paid for all the cedar timber growing on a certain specifically described tract of land belonging to the defendant; that the defendant executed and delivered to him a deed to said cedar timber regular in form; that under such purchase and deed the complainant entered upon said lands and cut and removed some of the cedar timber and continued to do so for several years until the year 1901, when the defendant became dissatisfied and forbade the complainant entering upon said lands; that when the complainant entered upon said lands after said notice, the defendant commenced a prosecution against him for trespass after warning, and said criminal prosecution is still pending and undetermined; that subsequently, the complainant acting under the

advice of counsel again entered upon said land with·
laborers for the purpose of cutting and removing some
of the cedar timber; that notwithstanding he disturbed
nothing and was peaceable in his entry, defendant
made affidavit and again commenced a prosecution
against him for trespass after warning; that defend-
ant is wholly insolvent and unable to respond in dam-
ages for any injury to the complainant.

The prayer of the bill was "that a writ of injunction
issue out of this court restraining and enjoining the
said Alabama Freeman from interfering with com-
plainant in entering upon said land and cutting and
removing said timber, and from interfering with his
servants and agents in prosecuting the said work of
cutting and removing said timber, and for full and gen-
eral relief for which he will ever pray," etc.

A preliminary injunction was issued. The defend-
ant moved to dismiss the bill and to dissolve the in-
junction for the want of equity in the bill.

On the submission of the cause upon the motions to
dismiss the bill and to dissolve the injunction, the chan-
cellor rendered a decree sustaining said motions and
ordered the injunction dissolved. From this decree
the complainant appeals, and assigns the rendition
thereof as error.

J. E. BROWN, for appellant.—(No brief came to the
hands of the Reporter).

VIRGIL BOULDIN, contra, cited, *Moses v. Mayor,* 52
Ala. 198; High on Injunctions, (2 ed.), 61, 68, 272;
*Forcheimer v. Mobile,* 84 Ala. 126; *Deegan v. Neville,*
127 Ala. 471; *Wilkinson v. Roper,* 74 Ala. 140.

TYSON, J.--It is not insisted that the bill filed in
this cause has equity for the purpose of restraining the
criminal prosecution instituted by respondent against
complainant for an alleged trespass upon the lands de-
scribed in the bill. If such was the insistence, it could
not be sustained.—*Moses v. Mayor of Mobile,* 52 Ala.
198; *Forcheimer v. Port of Mobile,* 84 Ala. 126. It is,

however, contended that the bill has equity to compel the determination of the respective claims to the trees growing upon the lands belonging to respondent, which, it is alleged, were sold by her to the complainant and to quiet the title to the same, under and by virtue of section 809 of the Code. It is true this statute is remedial and must be liberally construed, but it may well be doubted whether the owner of trees, with no right of title to the surface of the land upon which they stand, having simply a right of ingress and egress over the land for the purpose of taking away the trees conveyed to him (*Heflin v. Bingham*, 56 Ala. 566), can maintain a bill under its provisions. But be this as it may, it is clear to us, on the facts alleged, that this bill is wholly without equity. "The purpose of the statute was to relieve, not persons who had the power to test the hostile claim by a direct proceeding in the usual mode, but to aid those persons whose situation afforded them no such opportunity. The inequity that was designed to be remedied grew out of the situation of a person in the possession of land as owner, in which land another person claimed an interest which he would not enforce; and the hardship was that the person so in possession could not force his adversary to sue and thus put the claim to test." It is true the statute does not require the complainant to "have title by possession or the right to possession or even adverse possession," but it does require that he shall have peaceable possession, as contradistinguished from disputed or contested possession, and that it shall be under claim of ownership.—*Adler v. Sullivan*, 115 Ala. 582; *Brand v. U. S. Car Co.*, 128 Ala. 579.

On the facts alleged, the complainant can test his right and title to the trees by an action at law.—*Tenn. & Coosa R. R. Co. v. East Ala. R'y Co.*, 75 Ala. 524; 525; *Williams v. Gibson*, 84 Ala. 228; 10 Am. & Eng. Ency. Law, 472, 478; *Clap v. Draper*, 3 Am. Dec. 215; Tillinghast Adams on Ejectment, pp. 18, *et seq.*

Affirmed.