TOWN OF ORANGE CITY, A MUNICIPAL CORPORATION ORGANIZED UNDER THE LAWS OF THE STATE OF FLORIDA, APPELLANT, VS. WILLIAM S. THAYER AND JOHN SAULS, PARTNERS DOING BUSINESS AS THAYER & SAULS, AND WILLIAM S. THAYER, JOHN SAULS, PHILIP LEONARDY, KIRBY B. OSTEEN, JOHN P. DITSON, ALBERT MARSH, GEORGE MARSH AND JOHN H. PADGETT, APPELLEES.

1. Where the enforcement of a municipal ordinance would result in a mere trespass for which adequate remedy exists at law, equity will not enjoin its enforcement even though the ordinance be void. It is only where the enforcement of such an ordinance will result in irreparable injury, or where authority to interfere arises under some other well

recognized head of equity jurisdiction, that a court of equity can assume to enjoin the enforcement of such an ordinance.

2. A bill seeking an injunction on the ground of irreparable injury must allege facts to enable the court to determine whether the injury will be irreparable as alleged. A more general allegation that the injury will be irreparable will not suffice.

3. A court of equity should not enjoin the attempted enforcement of an alleged invalid municipal ordinance for impounding cattle runnnig at large unless such enforcement will result in irreparable injury, or some other well recognized ground of equity jurisdiction exists, as the party injured has his adequate remedy at law, for testing the validity of such ordinance.

This case was decided by Division B.

Appeal from the Circuit Court for Volusia county.

The facts in the case are stated in the opinion of the court.

*Isaac A. Stewart* (with whom was *Egford Bly* on the brief), for Appellant;

*Beggs & Palmer*, for Appellees.

CARTER, P. J.

On November 19, 1901, appellees filed their bill of complaint against appellant in the Circuit Court of Volusia conty, which alleges that the territorial limits and boundaries of the defendant town extend two and one-half miles north and south, and over three miles east and west;

that the territory so covered is sparsely settled and in-
cludes much open or wild lands, and vacant fields; that
there are not residing within such corporate limits twelve
hundred *bona fide* inhabitants; that not more than five
hundred *bona fide* inhabitants reside therein; that the
town has an ordinance for the impounding of cattle run-
ning at large  within its  territorial limits;  that com-
plainants, nine in number, are citizens of Volusia county,
residing outside the corporate limits of said town; that
they and each of them are owners of cattle ranging in
said county within the vicinity of said town; that owning
to the extensive limits of the town and the sparsely set-
tled condition of the far greater portion of such limits,
it is impossible for complainants to keep their cattle from
ranging in portions thereof; that the town through its
officers has in the attempt to enforce said ordinance im-
pounded  cattle   belonging  to  complainants   found
within its territorial limits, and is threatening to enforce
said ordinance by impounding any and all cattle, regard-
less of the residence of their owners, which may be found
within the territorial limits of the town; that said ordi-
nance is in violation of a State law prohibiting cities and
towns of a population less than twelve hundred from
impounding cattle of persons residing outside their cor-
porate limits; that the officers of the defendant town are
constantly violating said law and are threatening to con-
tinue in the violation of the same; that the injury done
to complainants by such impounding of cattle is irreme-
diable and irreparable, is a constant annoyance and is
a damage to them which is incalculable by reason of dam-
age to their stock and expense of looking after them; that
complainants are either compelled to picket a mileage
of eleven miles around said town or suffer their cattle

to be impounded; that owning to the immense territory covered by said limits it is impossible for them to keep their cattle from ranging, roaming or straying into said limits unless they drive them entirely from said range, such limits being located in the midst of the range; that no damage is done to the town or its inhabitants by complainants' cattle ranging within its limits; that the territorial limits of the town are unreasonable and that the ordinance seeking to impound cattle ranging therein is unreasonable and unjust, against the policy of the law, and works great damage and hardship to complainants. The bill prays that the city and its officers be enjoined and restrained from impounding or interfering with complainants cattle which may range or roam within the corporate limits, and also prays for subpoena and general relief.

On November 21, 1901, a temporary injunction was granted as prayed. On January 6, 1902, defendant filed its demurrer to the bill, urging, among other grounds, that there is no equity in the bill, and that complainants have an adequate remedy at law. On the same day defendant filed its motion to dissolve the injunction, one of the grounds assigned being that there is no equity in the bill. On January 8, 1902, the court made an order overruling the demurrer, as well as an order denying the motion to dissolve, and the defendant entered the present appeal from these orders and from the order granting the temporary injunction.

The bill is framed upon the theory that the ordinance in so far as it purports to authorize the impounding of complainants' cattle is void, because, as alleged, it is unreasonable, and in violation of the State statute referred to in the bill (Chap. 4190, act approved June 2, 1893).

If it be true that the ordinance is invalid—a question which we do not find it necessary to decide—then the act of impounding complainants' cattle would amount to a trespass upon the part of the officers of the town taking part therein, for the redress of which there is ample remedy at law. This being true, there is no equity in this bill, and consequently the court erred in granting and in refusing to dissolve the injunction, and in overruling the demurrer. Baldwin v. Tucker, Tax Collector, 16 Fla. 258; Wordehoff v. Evers, 18 Fla., 339; Odlin v. Woodruff, 31 Fla. 160, 12 South. Rep. 227; Torpedo Co. v, Borough of Clarendon, 19 Fed. Rep. 231; Nelms v. Pinson, 92 Ga. 441, 17 S., E. Rep. 350; West v. Mayor, &c. of City of New York, 10 Paige, 539; Brown v. Trustees of Catlettsburg, 11 Bush (Ky.) 435; Marvin Safe Co. v. Mayor, &c. City of New York, 38 Hun, 146; City of Denver v. Beede, 25 Colo. 172, 54 Pac. Rep. 624; Klinesmith v. Harrison, 18 Ill. App. 467; Forcheimer v. Port of Mobile, 84 Ala. 126, 4 South. Rep. 112; 2 High on Injunctions, section 1243; 1 Spelling on Injunctions, section 694.

The mere fact that the ordinance may be invalid does not authorize a court of equity to enjoin its enforcement, for where a remedy exists at law, as we have shown is the case here, the law court can pronounce the ordinance invalid. Crawford v. Bradford, 23 Fla. 404, 2 South. Rep. 782. It is only where the invalidity of a municipal ordinance has been established at law, or where equity would have authority to interfere under some well recoognized head of its juricdiction, such as to prevent irreparable injury or the like, that it can assume to enjoin the enforcement of such ordinance. It is not alleged that the invalidity of this ordinance has ever been adjudicated at law, nor that after such adjudication favorable to complain-

ants they are still harrassed by attempts to enforce the ordinance, nor are facts alleged from which the court can see that the threatened injury would be irreparable. The allegations in this bill as to irreparable injury are mere legal conclusions. In Indian River Steamboat Co. v. East Coast Transp. Co. 28 Fla. 387, 10 South. Rep. 480, it is said that "it will not do to simply allege that the complainant has no adequate remedy at law and that his damages will be irreparable. The court will not act upon his opinion or his fears in such matters, but he must state facts in his bill to enable the court to determine whether or not his alleged injury will be irreparable." Even if the elements of damage alleged in the bill are proper to be considered, they can readily be estimated in money. and the damage claimed would not, therefore, be irreparable.

The orders appealed from are reversed and the cause remanded for further proceedings.