## CLEGG LUMBER COMPANY *v.* ATLANTIC AND BIRMINGHAM RAILWAY COMPANY.

1. Where a bill of exceptions recites that it was presented to the judge within thirty days from the rendition of the judgment complained of, and the judge certifies that the recitals of fact therein are true, it is not cause to dismiss the writ of error that the certificate of the judge bears a date prior to the rendition of the judgment complained of, the date appearing on the certificate being palpably the result of oversight or of a typographical error.

2. While the evidence authorized a finding for the plaintiff in some amount, there was no evidence as to what the exact sum due was; and therefore a verdict for the plaintiff for forty dollars was contrary to law.

Submitted July 11, — Decided August 2, 1905.

Complaint. Before Judge Henderson. City court of Vienna. November 15, 1904.

*W. H. Dorris,* and *J. T. Hill,* for plaintiff in error.

*J. L. Sweat* and *Crum & Jones,* contra.

CANDLER, J. 1. From the bill of exceptions it appears that the brief of evidence in this case was filed, in accordance with the terms of the judge's order, on November 15, 1904, and that the judgment overruling the motion for a new trial, which is assigned as error, was rendered on the same day. The bill of exceptions also recites that it was tendered to the judge within thirty days from the rendition of the judgment complained of; and this, together with the other recitals of fact therein contained, the judge certifies to be true. The certificate itself, however, bears date November 14, 1904, or one day prior to the rendition of the judgment complained of; and on the call of the case in this court the defendant in error moved to dismiss the writ of error, on the ground that it appears that the bill of exceptions was presented and certified prior to the rendition of the judgment and the filing of the brief of the evidence. In a statement filed by counsel for the plaintiff in error it is asserted that the dating of the judge's cerficate to the bill of exceptions, November 14, was a typographical error on the part of the stenographer who made out the certificate, and that as a matter of fact the bill of exceptions was presented and certified on December 14, 1904. It is of course plainly evident that the dating of the certificate to the bill of exceptions as November 14, 1904, was an error, typographical or otherwise; for a bill of exceptions certified before the judgment complained of was.

rendered is not to be considered as a possibility. As to the exact date upon which the bill was certified, however, we are left completely in the dark so far as the record is concerned, and the record is the only thing to which we can look in reaching a conclusion in regard to the matter. To all intents and purposes, therefore, the bill of exceptions is accompanied by an undated certificate to the effect that the recitals of fact in the bill are true. While, as has been repeatedly ruled, it must affirmatively appear that the bill of exceptions was presented to the judge within the time required by law, we know of no law which requires that the certificate be dated, or that the exact date of the presentation to the judge shall appear. There is nothing in either the bill of exceptions or the transcript of the record to indicate that the former was not presented within time; and as the judge has certified to the truth of the recital in the bill of exceptions that it was presented in time, the writ of error should not be dismissed on account of what is palpably a typographical error in dating the certificate. See *Stamps* v. *Hardigree*, 100 *Ga.* 160.

2. This was a suit by the Atlantic and Birmingham Railroad Company against the Clegg Lumber Company, on an open account for demurrage on two cars of lumber, the amount declared on being $64. The lumber company in its answer denied indebtedness, and set up a cross-demand against the railroad company for over four hundred dollars damages on account of the alleged negligent burning of the lumber. The jury found "for the plaintiff forty dollars as demurrage." The defendant moved for a new trial, solely on the grounds that the verdict was contrary to law and the evidence; the motion was overruled, and it excepted. The evidence on most points was conflicting, and would have supported a verdict in favor of either party to the suit. An examination of the record, however, discloses a fatal defect in the plaintiff's case, in that there was no evidence upon which a verdict in its favor for any fixed amount could be based. The jury were authorized to find that the defendant was indebted to the plaintiff for demurrage in some amount, but there was nothing to indicate what that amount was. True, one witness testified flatly that the lumber company was due the railroad company sixty-four dollars for demurrage on two cars of lumber; but upon cross-examination it appeared that he based his testimony on a calculation that one

dollar per day was a reasonable charge for demurrage, and that he did not know how many days the cars had stood on the company's tracks; and there was likewise a total failure on the part of any other witness to fix the length of time for which demurrage was due. It will thus be seen that the verdict for the plaintiff for forty dollars was without evidence to support it; and the court should have granted a new trial.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*