## JOHNSON *v.* TANNER.

ATKINSON, J. 1. Upon the argument of this case a motion was made to dismiss the writ of error, upon the ground that the suit sought to be enjoined had been dismissed. The fact of dismissal was not admitted by opposing counsel, and was denied by the plaintiff in error. Under these circumstances it would be necessary for this court to determine as a matter of fact, from extrinsic evidence, whether or not the suit had been dismissed, before we could dismiss the bill of exceptions on the

ground taken. This court is without original jurisdiction, and can neither make the inquiry nor dismiss the bill of exceptions upon the ground taken. See *Tuells* v. *Torras*, 113 *Ga.* 691; *Garlington* v. *Davison*, 122 *Ga.* 677.

2. A motion was made to dismiss the bill of exceptions on the further ground that the certificate of the judge to the bill of exceptions was void, because "it did not appear why the same was not signed within 20 days from judgment excepted to, nor does it state that the failure to sign such certificate was without fault on the part of the plaintiff in error." In his certificate the judge certifies that the bill of exceptions was handed to him 14 days after the judgment refusing the injunction was rendered, and that he kept it until a day more than 30 days from the rendition of the judgment. This explanation shows the plaintiff in error to be without fault, and the writ of error will not be dismissed. Civil Code, §§ 5542, 5543; Acts 1896, p. 45; *Railroad Commission* v. *Palmer Hardware Co.*, 124 *Ga.* 633.

3. When a militia district seeks to adopt the "no fence" stock law and put it into effect under the provisions of the Political Code, § 1781, as amended by the act of 1899 (Acts 1899, p. 30, Van Epps' Code Supp. § 6154), it is a condition precedent to the law going into effect that within six months after the election declaring for "no fence," the ordinary (or such other tribunal as may have jurisdiction of county matters) shall have good and substantial fences erected around the lines of such portions of such district as touch non-stock or "fence law" districts or counties, in order to prevent the incursion of stock from other counties or districts, the fences to cross public and private roads, provided, however, that suitable gates are established for passage along such roads. See, in this connection, *Puckett* v. *Young*, 112 *Ga.* 578.

4. The evidence disclosed by the record in this case is for the most part unfounded opinion of witnesses, and uncertain and indefinite, and, taken as a whole, does not show the fencing of the district in the manner or in the time prescribed by the law; and it follows that it has not been shown that the "no fence" law was in effect in the militia district in question at the time of impounding the animals complained of.

5. It being alleged in the plaintiff's petition that his animals had been impounded without authority of law, and that under the guise of an alleged law, which in fact was not in force, the defendant, who was himself insolvent, proposed to continue to impound the plaintiff's stock and harass him with unfounded suits for the recovery of damages occasioned by the stock, which, under the law, had a right to go at large, and these facts appearing to be true under the evidence, it was erroneous for the judge to decline to enjoin the defendant from further impounding the plaintiff's stock, and from the further prosecution of his suits.

6. Under the act of 1899, supra, the ordinary was without jurisdiction to pass any judgment to the effect that "since the election had been held and had resulted in favor of stock law, and since the fence had been constructed around the district within six months after the election, the stock law was in force in said district." Such judgment by the ordinary was void, and upon the hearing of the application for injunction

the plaintiff's objection to the admission in evidence of the order, upon the ground that it was void and irrelevant, should have been sustained.

7. On the interlocutory hearing of the application for injunction, an affidavit which does not contain either a caption of the case under consideration, or other facts which show that the affidavit was intended by the witness to be used as evidence in the particular case, is not admissible in evidence. In this case the court erred in admitting such an affidavit, offered by the defendant, over the objection, properly urged, of counsel for the plaintiff. See, in this connection, 1 Enc. P. & P. 374; *Warren* v. *Monnish,* 97 *Ga.* 399; *Whitley* v. *Berry,* 105 *Ga.* 251; *Hill* v. *McBurney Co.,* 112 *Ga.* 788.  *Judgment reversed. All the Justices concur.*

Argued June 7,—Decided November 13, 1906.

Petition for injunction. Before Judge Rawlings. Johnson superior court. April 28, 1906.

The petition alleged: On February 21, 1905, a stock-law election was held in the 1201st district G. M., Johnson county, wherein the plaintiff and the defendant reside. The result of the election was declared to be in favor of the adoption of the stock law, but the law never went into effect, because the district was not enclosed with a substantial wire fence within six months after the election, as was required by a provision of the stock law, Nevertheless, after the expiration of the six months, the defendant impounded certain hogs of the plaintiff, refused to return them, and commenced suit to recover of the plaintiff the expense incurred in impounding them, as well as damages for the trespasses they had committed. The petition alleged further that the defendant was insolvent and threatened to continue to impound plaintiff's stock, if necessary. It was prayed that the defendant be enjoined from pursuing his alleged cause of action against the plaintiff, and from carrying out any threats to impound plaintiff's stock in the future, and that it be decreed that the stock already impounded be delivered back to the plaintiff. A demurrer and an answer were filed, in the latter of which the defendant admitted having impounded plaintiff's hogs and that he was claiming damages for injuries done by them and also expense for feeding them, and declared that he intended to continue to impound plaintiff's hogs if they were allowed to go upon his (defendant's) premises. He denied, however, that the stock law had not gone into effect, and on the contrary sought to justify his acts by that law.

On the trial of the issue thus raised, the plaintiff contended that

the stock law had never become operative, because suitable fences had not been erected around the militia district within six months after the election; and, in support of that contention, introduced in evidence the affidavits of a number of witnesses which were to the effect that the fence in many places was not on the militia-district line, but was many yards therefrom; that it was insecurely fastened to stakes driven a few inches in the ground; that it had fallen in many places of its own weight; that for a considerable distance no fence at all was constructed, but that in lieu of the fence a watercourse was relied upon, and this, not being navigable as required by law, afforded no obstruction to the passage of stock; that adequate gates had not been provided at the intersection of roads, and that on the whole the fence failed to accomplish the purposes for which it was constructed. The defendant introduced numerous affidavits to the effect that the fence was of the "proper" height, built of the "proper" sort of wire, was as substantial "as required by law," and had sufficient gates "as were required by law." He tendered in evidence an order signed by the ordinary of the county and dated within six months after the election, which declared, in substance, that since the election had been held and had resulted in favor of the stock law, and since the fence had been constructed around the district within six months after the election, the stock law was in force in the district. The plaintiff objected to the introduction of this order, on the ground that the ordinary had no authority under the provisions of the stock law to promulgate the same, and that it was irrelevant; which objection the court overruled. The defendant also offered in evidence a joint affidavit of three witnesses, stating that they had built and fully completed the fence around the 1201st district "in conformity to the requirements of law," and within six months after the election, and had erected gates wherever the fence crossed roads. This affidavit was objected to by the plaintiff on the ground that it was not entitled in the cause, and because there was no provision of law for the making of the same, and that it was hearsay and irrelevant, which objection the court overruled. The court passed an order denying the injunction, and the plaintiff excepted.

A motion was made to dismiss the bill of exceptions, on the grounds: (1) that the certificate of the judge to the bill of exceptions was void, because "it did not appear why the same was

not signed within 20 days from the judgment excepted to; nor does it state that the failure to sign such certificate was without fault on the part of the plaintiff in error;" (2) that the suit sought to be enjoined by the plaintiff, namely, the one filed by the defendant to recover damages of the plaintiff on account of the trespass, etc., of the impounded stock, had been dismissed and the stock had been returned to the owner. In support of this contention the defendant attached to the motion his own affidavit and that of the justice of the peace, to the effect that the aforesaid suit had been dismissed. Counsel for the plaintiff did not admit that the suit had been dismissed, but contended in his brief that the plaintiff denied that the suit had been dismissed.

*Hines & Jordan* and *William Faircloth,* for plaintiff.

*Daley & Bussey, V. B. Robinson, J. L. Kent, A. L. Hatcher, B. B. Blount, J. R. L. Allen,* and *E. L. Stephens,* for defendant.