### 525. NATION *v.* JONES.

1. Where it appears from the bill of exceptions that it was duly tendered to the trial judge, a mere failure on his part to certify the same within the prescribed time shall be no cause for dismissal.
2. Judgments based on provable debts are released by the discharge of the judgment debtor in bankruptcy. Therefore, in a claim case, a certificate of discharge in bankruptcy of the defendant in fi. fa. is admissible in evidence, as the basis of an attack by the claimant on the judgment against the defendant.
3. A charge containing a correct statement of an abstract principle of law, but not applicable to the evidence, and tending to mislead the jury and prejudice the rights of one of the litigants, is reversible error.
4. The claimant fully established by uncontradicted evidence her title to the property in dispute; and the verdict finding the property subject should be set aside and a new trial ordered.

Levy and claim, from Cherokee superior court—Judge Gober. April 1, 1907.

Submitted October 22,—Decided November 25, 1907.

*E. W. Coleman, J. P. Brooke,* for plaintiff in error.

*P. P. DuPre, Payne, Jones & Jones,* contra.

HILL, C. J. This was a claim case, in which a judgment was rendered against the claimant, in a justice's court. It was appealed to a jury in the superior court. The plaintiff in fi. fa. had the execution in his favor levied upon a horse, as the property of the defendant in execution. A claim to the horse was interposed by the wife of the defendant. The burden of proof was shifted from the plaintiff in fi. fa. to the claimant, by the introduction of the execution, with the levy, and evidence that since the rendition of the judgment the horse levied upon had been in the possession of the defendant in fi. fa. The claimant met the presumption against her, arising from these facts, by showing, that the horse in question was bought by her husband in 1900; that at the time he bought the horse he made a small cash payment and gave his note for $50 for the balance of the purchase-

price; that her husband, being unable to pay the note, sold the horse to his mother, who paid the note for $50 and took possession of the horse, and kept possession of it for over four years prior to her death; that his mother fully paid him for the horse, not only in assuming and paying the note for the balance of the purchase-price, but by giving him board sufficient to pay for any interest which he had in the horse on account of the cash payment which he had made for it. The claimant further proved, that in 1905 her husband's mother, just before her death, divided her personal property between his sister and herself, giving to claimant the horse in question, and that immediately upon the death of the mother, she took possession of the horse, and she had kept him in her possession from that date. She explained her husband's possession of the horse subsequent to the sale to his mother, by evidence that he had simply used the horse by permission of his mother, and afterwards, when the horse became her property, by her permission; that as a matter of fact the horse had never been otherwise in the possession of her husband since he sold it to his mother in 1901. The jury, under these facts and the charge of the court, found that the property levied upon was subject to the execution; and the claimant filed a motion for a new trial, based on the general grounds and on two special grounds, the overruling of which is assigned as error.

1. A motion was made, on the call of the case in this court, to dismiss the bill of exceptions, because it was not tendered to the judge nor certified by him within thirty days from the date of the final judgment on the motion for a new trial in vacation, as provided by law. Prior to the act of 1896 (Georgia Laws, 1896, p. 45), this would have been a good ground for dismissal; but since that act it would not be a good ground of dismissal, unless it should affirmatively appear that the failure of the judge to sign and certify the bill of exceptions within the time prescribed by law was caused by some act of the plaintiff in error or his counsel. From the recital in the bill of exceptions it appears that it was tendered to the judge within the time required by law, but the actual date of the judge's certificate was subsequent to the thirty days from the rendition of the judgment in vacation overruling the motion for a new trial. The judge having certified that the bill of exceptions was tendered to him within the thirty days, un-

der the terms of the above act of the legislature, the motion to dismiss is denied. *Stamps* v. *Hardigree,* 100 *Ga.* 160 (28 S. E. 41) ; *Clegg Lumber Co.* v. *Ry. Co.,* 123 *Ga.* 603 (51 S. E. 575) ; *Johnson* v. *Tanner* 126 *Ga.* 718 (56 S. E. 80).

2. The special grounds of the motion for new trial are as follows : (1) Because the court erred in refusing to admit in evidence a certificate of discharge in bankruptcy, issued by the United States district court for the northern district of Georgia, to the defendant in fi. fa., dated subsequently to the rendition of the judgment against him. (2) That the court erred in charging the jury that "an insolvent person can not make a valid gift, to the injury of his existing creditors;" because this law was not applicable to the facts in this case, as the only evidence of a gift was of the horse to the claimant by her mother-in-law, and there was no evidence whatever that the mother-in-law, at the time of the gift, was either insolvent or owed any debts. A judgment founded upon a provable debt, which is entered after the filing of the petition and before the discharge of the bankrupt, is also provable, and is released by the discharge of the judgment debtor in bankruptcy, unless it falls within the exceptions contained in the bankrupt act. The certificate of discharge, therefore, we think was admissible as a basis of proof showing that the judgment of the plaintiff in fi. fa. and the debt upon which it was based were released by said discharge in bankruptcy. *Moore* v. *Trounstine,* 126 *Ga.* 116 (54 S. E. 810) ; 5 Cyc. 401, 402.

3. Under the undisputed facts in the record, the charge of the court objected to, that "an insolvent person can not make a valid gift, to the injury of his existing creditors," was inapplicable and tended to mislead the jury and to prejudice the rights of the claimant. The court, in its order approving this ground of the motion for a new trial, makes this explanatory note : "Plaintiff in fi. fa. insisted that defendant in fi. fa. was insolvent and this debt was in existence when defendant in fi. fa. gave what he had paid for horse to his mother; for this reason I gave charge." There was no evidence whatever that the defendant in fi. fa. had ever given his interest in the horse to his mother; on the contrary, the evidence was undisputed that his mother had fully paid him for his interest in the horse, and had also paid the balance of the purchase-price for the horse. The only evidence of a gift was

as to that of the horse to the claimant by the mother-in-law just before her death; and there was no evidence that this donor was insolvent or owed any debts. Even if the charge was applicable under any evidence, as explained by the judge's note, we think it should have been limited, in its application, to that particular evidence, and not have been left where it would probably have been applied by the jury to the gift of the horse by the mother-in-law to the daughter-in-law.

4. We think, under the uncontradicted evidence in this case, that the claimant successfully carried the burden cast upon her, and clearly established her title to the horse. We think all the essentials of a valid gift by the mother to the daughter are fully shown by the evidence. The horse was unquestionably the property of the mother and had been so for over four years. Just before she died she gave it to the claimant, her daughter-in-law; and it was clear that the gift was intended to be absolute only in the event of death. In other words, we think that the alleged gift could only be construed as a donatio causa mortis, and not as a gift inter vivos. Immediately on the death of the donor the donee took possession of the horse, and it was her property before and at the time of the rendition of the judgment against the defendant in fi. fa. The possession of the horse by the defendant in fi. fa. since the rendition of the judgment against him was fully explained by the evidence, and was shown to have been entirely consistent with the title of the claimant. We think the verdict is unwarranted by the evidence, and a new trial should have been granted.                    *Judgment reversed.*