*C. R. Faulkner* and *C. H. Edwards,* contra.

---

## BEAVER v. LOWE et al.

HILL, J. 1. The act of the legislature of 1909 (Acts 1909, p. 158), now embodied in the Civil Code (1910), § 2044, by its terms is made applicable only to fences erected prior to its passage. If its inclusion in the Code of 1910, and the adoption of that code, would make it applicable to fences erected prior to such adoption, the fence involved in the present case was erected since the adoption of the Code of 1910; and in no event does the act apply to the fence involved in the present case.

2. The petition charged directly, not only the impounding which had taken place, but that the defendants threatened and intended to continue to impound the plaintiff's hogs. The defendants merely denied that they "have threatened, intended, or anticipated to bring a multiplicity of suits," but did not deny the threat or intention to continue to impound the hogs of the plaintiff, or to claim damages.

3. Taken as a whole, the evidence in the present case shows without contradiction that there was not a sufficient compliance with the requirements of the law in regard to the erection of the fence. See, in this connection, *Johnson* v. *Tanner*, 126 *Ga.* 718 (56 S. E. 80).

4. The ordinary was without jurisdiction to pass an order declaring that the stock law attacked had become effective. *Johnson* v. *Tanner*, supra.

Hence the objection to the admission of his order which was allowed in evidence should have been sustained.

5. As the preceding rulings control the case, it is unnecessary to deal with the point raised as to the constitutionality of the act involved.

6. It follows from the preceding rulings that the judge erred in denying an injunction.       *Judgment reversed. All the Justices concur.*
APRIL 12, 1916.

Petition for injunction. Before Judge Jones. Union superior court. October 6, 1915.

*Thomas A. Brown,* for plaintiff.    *W. E. Candler, T. S. Candler, Pat Haralson,* and *George W. Stevens,* for defendants.