7043.   STRICKLAND v. BRANNEN.

WADE, C. J.  1. The motion to dismiss the bill of exceptions is over-
ruled.

(*a*) From an express recital therein it appears that the bill of exceptions
was tendered to the judge within the time required by law, though the
actual date of his signature thereon was a date subsequent to the expira-
tion of thirty days from the rendition of the judgment overruling the
motion for a new trial. "If it shall appear from the bill of exceptions
that the same was tendered to the judge within the time required by
law, a mere failure on his part to sign the same within the time pre-
scribed shall be no cause for dismissal, unless it shall appear that the
failure to sign and certify the same by the presiding judge within the
time prescribed by law was caused by some act of the plaintiff in error
or his counsel." Civil Code, § 6187. See also *Nation* v. *Jones,* 3 *Ga.
App.* 83 (59 S. E. 330); *Stamps* v. *Hardigree,* 100 *Ga.* 160 (28 S. E.
41); *Clegg Lumber Co.* v. *A. & B. Ry. Co.,* 123 *Ga.* 603 (51 S. E. 575);
*Johnson* v. *Tanner,* 126 *Ga.* 718 (56 S. E. 80). Prior to the act of
1896 the rule was different.

(*b*) There was an acknowledgment by counsel for the defendant in error
of a copy of the bill of exceptions within ten days after it had been
signed and certified, and the fact that the acknowledgment was made
subsequent to the filing of the bill of exceptions in the office of the
clerk of the court below furnishes no ground for the dismissal thereof.
Acts 1884-5, p. 102; Civil Code, § 6179.

2. There is no merit in the grounds of the motion for a new trial com-
plaining that one of the jurors was related to the plaintiff within the
prohibited degrees of consanguinity, and therefore was disqualified to
try the case; and that the court erred in accepting the defendant's
waiver of the juror's relationship without the consent of his counsel.

The note of the trial judge in reference to these grounds recites that the relationship of one of the jurors trying the case to the plaintiff was suggested by one of the counsel for the plaintiff, and the defendant thereon stated in open court and in the hearing of the presiding judge that he would waive the relationship of the juror. No objection was offered by the defendant or his counsel, after notice of relationship was given them, and the court adjudged that the relationship was waived both by the actual statement of the defendant himself and by the failure of the defendant or his counsel to make objections after notice of the relationship.

3. The evidence amply supported the verdict, and the general grounds of the motion for a new trial are not insisted upon in the brief of counsel for the plaintiff in error.          *Judgment affirmed.*

DECIDED JUNE 28, 1916.

Complaint; from city court of Statesboro—Judge T. L. Hill presiding. August 4, 1915.

*Anderson & Jones,* for plaintiff in error.

*Brannen & Booth,* contra.