## PARISH *v.* HENDRICKS.

HINES, J.　1. Whenever an election is held in any militia district upon the subject of adopting the provisions of the stock law, and results in favor of such adoption, it is the duty of the ordinary, or such other tribunal as may have jurisdiction over county matters, as soon as practicable after said adoption, to have good and substantial fences erected around the lines of said district, and to have erected substantial and convenient gates in the fences at the crossings of public highways and neighborhood roads, the gates across the public roads to be so constructed that the same may be opened and shut without dismounting from any horse or vehicle that may be desired to pass through the same; and in no event shall the provisions of the stock law go into effect as the result of a militia district election, unless proper gates are so established in public and private roads, and until and unless within six months after such election, if in favor of "stock law," such fence, with gates as above provided, has been erected around portions of such district as touch non-stock or fence law districts or counties. Civil Code, §§ 2043, 2047.

2. In any militia district of this State where a stock-law election has been held before or after the passage of the act of August 19, 1916 (Acts 1916, p. 41), and determined in favor of stock law, and an honest effort has been made by the citizens of the district to build good fences and gates on or about the district line, and said fence and gates have been erected and have been recognized as the boundary fence between such district and the adjoining districts, by the county commissioners or the ordinary, either by direction or acquiescence, the fence shall be considered a legal fence, and the district thus having voted shall be entitled to all the rights and protection of the stock law. Civil Code (1910), § 2044; Acts 1916, p. 41, 8 Park's Code Supp. 1922, § 2044. *Johnson* v. *Tanner,*

---

Animals, 3 C. J. p. 176, n. 22; p. 187, n. 34 New.
Appeal and Error, 4 C. J. p. 652, n. 58.

126 *Ga.* 718 (3) (56 S. E. 80). Under the act of 1916 it is a condition precedent to the law going into effect, that the election has been determined in favor of stock law, that an honest effort has been made by the citizens of the district to build good fences and gates on or about the district line, that said gates and fences have been erected and have been recognized as the boundary fence between the district and the adjoining district by the county commissioners or the ordinary, either by direction or acquiescence. When these things concur, the fence shall be considered a legal fence, and the district thus having voted shall be entitled to all the rights and protection of the stock law.

3. When a militia district seeks to adopt the no fence or stock law and put the same into effect under the provisions of the Civil Code (1910), § 2044, as amended by the act of 1916 (Acts 1916, p. 41), it is a condition precedent to the law going into effect that, within six months after the election declaring for no fence, the ordinary, or other tribunal having jurisdiction of county matters, shall have good and substantial fences erected around the lines of said district as touch non-stock or "fence law" districts or counties, with gates constructed as aforesaid, in order to prevent the incursion of stock from other counties or districts, or that an honest effort has been made by the citizens of the district to build good fences and gates on or about the district line, and said fences and gates have been erected and have been recognized as the boundary fence between the said district and the adjoining districts by the county commissioners or ordinary, either by direction or acquiescence, when the fence shall be considered a legal fence, and the district shall be entitled to all the rights and protection of the stock law. Acts 1916, p. 41; 8 Park's Code Supp. 1922, § 2044.

(*a*) If there has been no honest effort made by the citizens of the district to build good fences and gates on or about the district line, and said fences and gates have not in fact been erected, a resolution of the county commissioners declaring that they have inspected the fences and gates so erected, and recognizing and establishing such fences and gates as the boundary fence between the district and adjoining districts and as a legal fence within the purview of section 2044 of the Code of 1910, is not conclusive that such fence and gates have been erected; and it would be competent for the plaintiff, in a possessory-warrant proceeding brought to recover some of his hogs which had been impounded by a resident of the district under the claim that the district was a no-fence or stock-law district, to show that no fence and gates had been erected on or about the district line.

(*b*) On the trial of such a proceeding, such a resolution of the county commissioners was prima facie evidence of the erection of such fence and gates, and was properly admitted over plaintiff's objections (a) that the proceeding was not proof that the fences and gates had been erected, and that the same could only have the effect of fixing the boundary lines of said district after the fences and gates had been erected; (b) because said resolution was the act of a ministerial body, and not the adjudication of a court having authority to settle the question whether stock law was legally in effect in said district; (c) because Bulloch County formed a part of the boundary line of said district, and the commissioners did not have authority to establish the line between said dis-

trict and said county; (d) because said resolution undertook to do more than to fix the boundary lines of said district, and if section 2044 of the Code was construed so as to give the county commissioners such authority, said section and the act of the commissioners would . both . violate article 1, section 1, paragraph 3, of the constitution of this State; and (e) because recognition by direction or by acquiescence of a boundary fence by the commissioners could not be construed as determining the fact that the fences and gates enclosed said district as required by law, so as to bind the citizens of said district.

(c) On the trial of said possessory proceeding the plaintiff testified "That he traveled the road from his home in the 1560th district (being the district involved in this case) to Statesboro in Bulloch County, and that he came over a road leading out of said district to Swainsboro, today, and had traveled the road leading from Graymont to Metter, out of said district, and that none of said roads had been closed by gates; that gates had been built at some of these crossings, but had not been shut; and that if the gates had been shut, they were not so constructed that a person traveling through them could open and shut them without dismounting from a buggy in which he might be traveling." The defendant in the possessory proceeding moved the court to exclude this testimony on the ground that it was irrelevant. The trial judge granted this motion and ruled out said testimony. The plaintiff sought to review this judgment by certiorari to the superior court, and the judge of the superior court, upon hearing the certiorari, sustained said ruling. *Held*, that this evidence was relevant, and should not have been excluded.

4. The above ruling, holding that the resolution of the county commissioners was not conclusive upon the plaintiff, renders it unnecessary to pass upon the constitutional question raised by the plaintiff; such constitutional question being based upon the theory that if such resolution was held to be conclusive upon the plaintiff, it would violate the due process clause of our State constitution.

5. Applying the above rulings, the trial court erred in rejecting the testimony set out in headnote 3 (c), and the judge of the superior court erred in affirming such ruling.

*Judgment reversed. All the Justices concur, except*

GILBERT, J., dissenting. Under the Civil Code (1910), § 2044, the county commissioners or the ordinary, as the case may be, have exclusive jurisdiction to decide and declare whether or not fences have been erected as required by statute. "This is a part of the political power of the State which the legislature has seen fit to confer upon the ordinary [or county commissioners]; and without some authority vested in the judicial department, it can not intervene or interfere in any manner with the power so granted to him. No provision is made by the act for any review of the decision of the ordinary, and it seems to have been contemplated that his action should be final and conclusive." *Skrine* v. *Jackson*, 73 *Ga.* 377.

*T. N. Brown*, for plaintiff.  *A. S. Bradley*, for defendant.