## WEST *et al. v.* CHASTAIN *et al.; et vice versa.*

Nos. 12470, 12481. SEPTEMBER 16, 1938.

*A. H. Henderson* and *G. Fred Kelley,* for plaintiffs.

*T. S. Candler* and *C. H. Edwards,* for defendants.

GRICE, Justice. In *Nelms* v. *Pinson,* 92 *Ga.* 441 (17 S. E. 350), it was said: "That the defendants (twenty-seven in number) intend and threaten to put the stock law in force on a named future day in a certain militia district in pursuance of the declared result of a local election which the petitioners allege to be void, and will after that day take up and impound stock found running at large in the district, is no cause for injunction. There is no provision of law for attacking the validity of the election either directly or collaterally until some actual case arises which puts its validity in issue." The only possible difference between the *Nelms* case and the instant case is that in the *Nelms* case it was stated that the defendants "intend and threaten to put the stock law in force," whereas in the instant case it is alleged that the defendants, claiming the stock law to be of force, "threaten to impound or kill any stock invading their fields" after a stated future day. We think the two cases furnish a mere distinction without a difference. In both the attack was on the validity of the election, and here, as there, it must be held that plaintiffs are in no position to attack the validity of the election, either directly or collaterally, until some actual case arises which puts its validity in issue. In the case at bar no right of the plaintiffs has been violated. There has been no interference with their property. No effort has been made to impound their stock. No claim for damage has been made. The case differs from *Johnson* v. *Tanner,* 126 *Ga.* 718 (56 S. E. 80), where it was alleged that the plaintiff's animals had been impounded; and the same thing is true of the case of *Beaver* v. *Lowe,* 145 *Ga.* 52 (88 S. E. 573). The words of the Master, uttered centuries ago, are applicable here: "Sufficient unto the day is the evil thereof." Matthew, 6:34. Compare *Elam* v. *Elam,* 72 *Ga.* 162; *Walden* v. *Sellers,* 174 *Ga.* 774 (163 S. E. 897). It follows that the original demurrer should have been sustained, regardless of the other grounds. Since the chancellor denied an injunction, his judgment

will be sustained, regardless of his ruling on the demurrer, for the reason that on the pleadings the plaintiffs were not entitled to an injunction.

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. All the Justices concur.*