JAMES W. KEMP *et al.*, plaintiffs in error, *vs.* JACOB VENTU-LETT *et al.*, defendants in error.

The act of 1874, in respect to the duties of commissioners who consolidate the returns of elections is directory ; and if any candidate be injured by their failure to discharge the duty imposed by the said act, he has an ample common-law remedy to contest the election of his opponent, and equity will not grant him relief against the commissioners.

Prohibition. Equity. County Matters. Elections. Before Judge WRIGHT. Dougherty County. At Chambers. January 4, 1877.

Reported in the opinion.

D. A. VASON ; WARREN & HOBBS, for plaintiffs in error.

W. T. JONES ; H. MORGAN, for defendants.

JACKSON, Judge.

This was a bill filed by Kemp and others, who were candidates for office at the election in January last, to compel the commissioners who consolidated the returns of said election, to throw out the votes of those voters who had not paid taxes, except at the polls, under the act of 1874, and to enjoin those commissioners from consolidating and certifying the election of their opponents until those votes were rejected and the poll thus purged. Their opponents were not made parties, strange to say, to this strange equitable proceeding, in which they were chiefly interested. The court below refused to grant the injunction, and this refusal is the error complained of.

We think that the court was right. We cannot see the semblance of equity in the bill as it stands; and, even if the opposing and, we presume, successful candidates had been made parties, the common-law remedy against them would have been complete. That remedy is to contest the election

as provided by the statute—Code, §1329. So the complainants are not remediless at law. The act of 1874, pamphlet, page 111, is simply directory as to these defendants, the commissioners, to consolidate; they have no interest in the result, except that common to all good citizens; and there can be no reason why they should be proceeded against in equity. A mandamus might lie against them to compel them to do their duty; but that is a common-law remedy, or writ. This proceeding is certainly anomalous, and without precedent, so far as is known to us. At all events, the common-law remedy is complete, and the injunction should not have been granted.

Let the judgment be affirmed.