# THE SUPREME COURT OF GEORGIA,

*Decisions Rendered March 9, 1886.*

REPORTED BY J. H. LUMPKIN, REPORTER

SCOVILLE & BEERMAN *vs.* CALHOUN, ORDINARY.

REFUSAL OF MANDAMUS, FROM FULTON. Liquor. Laws. Jurisdiction. Elections. Constitutional Laws. (Before Judge Clarke.)

Jackson, C. J.—The local option act of 1885, makes it the duty of the ordinary to consolidate the returns and decide all questions and contests arising under elections held by virtue thereof. In case the ordinary fails to do so, or acts unfairly in any respect, the statute provides the remedy to be pursued by petition from one-tenth of the number of voters who have voted, to the Superior Court, within twenty days from the declaration of the result, setting out plainly and distinctly the cause of contest, when, if the cause set out is such as impeaches the fairness of the election or the conduct of the ordinary, the judge shall grant an order directed to three justices of the peace of the county, requiring them to recount the ballots and report the result to the next term of the Superior Court, when the case shall be heard in the manner prescribed by the act, no supersedeas being allowed in the meantime. In no other manner can the courts control the action of the ordinary, nor can less than one tenth of the voters institute a contest before the Superior Court. Therefore it was proper to refuse a mandamus, on the application of a firm, to compel the ordinary of a county, where an election had been held, to receive and hear a contest made and offered to be filed with him touching the election.

(a) The election and the supervision thereof by the ordinary being the exercise of political and police powers incidental to legislative and executive government, and not, in its general political and police effect, at all judicial, the courts have no jurisdition to interfere except as conferred by the act itself.

(b) When the law operates upon the private property of an individual, and it is seized, destroyed or confiscated, or the individual is indicted for a violation of such law, he may assail the portion thereof affecting his private property or personal liberty as unconstitutional, and the courts will make such an adjudication as will maintain the integrity of the law as a whole, if possible, and, at the same time, protect the citizen against any unconstitutional or illegal portions of the

law, if there be such. Laws will never be decided unconstitutional except in case of necessity, and the courts will wait until the law is attempted to be put in operation, and will not in advance thereof, declare the entire law unconstitutional on the ground that a portion of it is so attacked. Cooley's Const. Lim., (5th ed.) 196, 197; 34 Ga., 309; 2 Brock., 447 and cit.; acts 1885, p. 121; Skrine *et al. vs.* Jackson *et al.* and Caldwell *et al. vs.* Barrett *et al.*, comm'rs, (Sept. term, 1884.)

Judgment affirmed

John T. Glenn; Julius L. Brown; A. H. Cox; A. C. King; H. B. Tompkins, for plaintiffs in error.

Mynatt & Howell; T. P. Westmoreland; Milledge & Smith; Haygood & Martin; Hall & Hammond, for defendant.

---

CLAYTON *vs.* CALHOUN, ORDINARY.

REFUSAL OF INJUNCTION FROM FULTON. Laws. Constitutional Law. Elections. Liquor. Jurisdiction. (Before Judge Clarke.)

Jackson, C. J.—1. This case was argued with that of Scoville & Beerman *vs.* Calhoun, ordinary, decided to-day, and the principles ruled in that case cover and control this.

2. It would be a stretch of power in the judiciary to restrain by its process, mesne or final, a law enacted by the General Assembly in a formative state and before it became operative by the vote of the people to be affected thereby, which vote alone could consumate its validity, by the terms of the act itself. Bill of Rights par. 23, Code, §5015.

Judgment affirmed.

Julius L. Brown; Alex C. King; John T. Glenn; Cox & Cox; Henry B. Tompkins, for plaintiffs in error.

Mynatt & Howell; T. P. Westmoreland; Milledge & Smith; Haygood & Martin; Hall & Hammond, for defendant.

---

JACKSON *vs.* STATE.

MURDER FROM FULTON. Criminal Law. Charge of Court Murder. Manslaughter. Penitentiary. Officers. (Before Judge Hammond.)

Jackson, C. J.—1. If one of a number of penitentiary convicts, who were engaged in emptying and filling cans with water from a river, fell into the stream, and was not attempting escape, and if the guard in charge, as a reasonable man, must have so concluded by observing his efforts to return, if such were made, but nevertheless fired upon and