## CLAYTON *vs.* CALHOUN, ordinary.

[This case was argued at the last term, and the decision reserved.]

1. This case was argued with that of *Scoville et al. vs. Calhoun, ordinary*, decided to-day, and the principles ruled in that case cover and control this.

2. It would be a stretch of power in the judiciary to restrain by its process, *mesne* or final, a law enacted by the general assembly, in a formative state and before it became operative by the vote of the people to be affected thereby, which vote alone could consummate its validity, under the terms of the act itself.

March 9, 1886.

Laws. Constitutional Law. Elections. Liquor. Jurisdiction. Before Judge CLARKE. Fulton Superior Court. September Term, 1885.

This case arose under the same election as that stated in the case of *Scoville et al. vs. Calhoun, ordinary*, next preceding, which see. Before the ordinary had consolidated and announced the result of the election, J. W. Clayton filed a bill against that officer for the purpose of having the general local option act declared unconstitutional, and the election held under it void, and to enjoin the ordinary from consolidating and publishing the returns of the election. He alleged that he was a liquor dealer in Atlanta, Fulton county, having on hand a large stock of wines and liquors of various sorts; that he dealt in wines made in various states of the union and imported from foreign countries; that the ordinary would declare the election to have resulted in the prohibition of the sale of liquors, and unless this was restrained, great injury would result both to the complainant's stock and to the good will of his business. The local option act was attacked as unconstitutional on various grounds, among them being that it sought to regulate commerce with foreign nations and with other states, and that it contained a clause discriminating in favor of domestic wines and wines made in

other states, or foreign wines. The bill alleged also that the election held under the act was illegal and void on numerous grounds, which need not be set out in detail.

On the hearing, under the pleadings and affidavits introduced, the chancellor refused to grant an injunction, and the complainant excepted.

JOHN T. GLENN; JULIUS L. BROWN; COX & COX; ALEX. C. KING; HENRY B. TOMPKINS, for plaintiff in error.

MYNATT & HOWELL; T. P. WESTMORELAND; MILLEDGE & SMITH; HAYGOOD & MARTIN; HALL & HAMMOND, for defendant.

JACKSON, Chief Justice.

John W. Clayton applied by a bill in equity for the writ of injunction against Wm. L. Calhoun, ordinary of Fulton county, to restrain that officer from consolidating the returns of the vote of the people of that county on the question of sale or no sale of spirituous and other intoxicating liquors within its limits, from declaring and proclaiming the result thereof, and from taking any further steps thereabout than those already taken; on the refusal of the writ of injunction, the complainant excepted, and assigns error thereon in this court.

1. This case was argued by consent with the *mandamus* case of Scoville & Beermann against the same officer, just decided, and the principles ruled in that case apply to this case, and cover and control it.

2. It may be well, however, to add, in approval not only of the judgment of the chancellor who denied the writ of injunction, but of the main reason on which he rested his judgment, that it would be a stretch of power in the judiciary to restrain by its process, *mesne* or final, a law enacted by the general assembly, in a formative state and stage, and before it became operative by the vote of the people to be affected thereby, which vote by the people

to be so affected alone could consummate its validity, by its terms.

Such stretch of judicial authority would overshadow the law-making prerogative, usurp the functions of a co-ordinate and distinct department of government by interfering with its mode of enacting laws, and violate that paragraph of the bill of rights in the constitution, which declares that "the legislative, judicial and executive powers shall forever remain separate and distinct." Par. xxiii of Bill of Rights; Code, §5015.

Judgment affirmed.