Mize *vs.* Speight.

## MIZE *vs.* SPEIGHT.·

1. Where it is alleged that the petition to the ordinary for an election on the question of adoption of the stock-law had the names of only thirteen freeholders signed thereto, instead of fifteen (a majority), but the record does not show that fifteen freeholders did not sign the petition, this court cannot say whether or not the signers of such petition comprised less than a majority of the freeholders.

(a) Whether a party may go behind the judgment of the ordinary and show that a majority of the freeholders did not sign the petition, or whether the judgment of the ordinary may be collaterally attacked, are questions not now decided.

(b) While it may have appeared from the tax digest, which closed on the first of July, that only thirteen of the petitioners were freeholders up to that time, yet some of them may have become freeholders by the time the petition was signed, in November.

2. The failure to advertise the notice of the election for twenty days was a mere irregularity, and did not render the result of such election void; notice of the petition and of the election being given to all the voters of the district.

July 8, 1889.

Stock-law. Judgments. Practice. Elections. Construction. Before Judge FORT. Sumter superior court. October adjourned term, 1888.

Reported in the decision.

L. J. BLALOCK, for plaintiff.

E. F. HINTON, for defendant

SIMMONS, Justice.

Mize sued out a possessory warrant against Speight, to recover certain cattle. On the hearing it appeared that Speight found the cattle on his land, put them in his enclosure, and demanded of the plaintiff damages before he would deliver the cattle to him. He introduced an order of the ordinary declaring that the stock-law was of force in that militia district. The plaintiff in-

troduced the original petition of the freeholders, asking for an election, which petition, he alleged, in connection with the tax digest of said county, which was introduced in evidence, showed that only thirteen freeholders signed the petition, the petition not containing fifteen, or a majority of the freeholders of the district, as the law requires. The court awarded possession of the cattle to the defendant. The plaintiff carried the case by *certiorari* to the superior court, and assigned error as follows : (1) " The ordering of the election by the ordinary was illegal, the petition therefor not containing the names of fifteen, or a majority, of the freeholders." (The copy of the petition in the record appears to be signed by twenty-one persons, and no extract from the tax digest said to be introduced appears.) (2) " The order for the election was passed on the same day the petition therefor was filed, when the law requires that the petition shall be published twenty days before the election was ordered." Other exceptions were also taken in the petition for *certiorari*, but as they were not argued or relied upon here, it is unnecessary to mention them.

1. The plaintiff in error relied principally upon the ground that fifteen, or a majority, of the freeholders of the district, not having signed the petition for the election, the order of the ordinary ordering the election upon the question of fence or stock-law was illegal. Without deciding the question whether the plaintiff could go behind the judgment of the ordinary and show that fifteen or a majority of the freeholders had not signed such petition, or without deciding the question made by the defendant in error, that the judgment of the ordinary cannot be collaterally attacked in this proceeding, we affirm the judgment of the trial judge, upon the ground that the plaintiff did not show, so far as this record discloses, on the trial in the court below, that

fifteen freeholders did not sign said petition for said election. He says, in his petition for *certiorari*, that the petition to the ordinary, in connection with the tax digest of said county, shows that only thirteen freeholders signed said petition. There is no extract from said tax digest in this record, and we cannot say whether there were only thirteen freeholders to said petition or not. Even had the tax books shown that only thirteen of the persons who signed the petition were freeholders, that would not have been conclusive. Under the laws of this State, tax returns are made between the first day of April and the first day of July of each year. This trial was had in November. It may have been true that, according to the tax digest, only thirteen of the persons who signed the petition for an election were freeholders of that district between the first of April and July, but it does not follow that some of the persons who signed this petition did not become freeholders in that district after the first day of July, and were not in fact freeholders in that district at the time this petition was signed in November. The plaintiff should have shown on the trial below who the freeholders were in that district, according to the tax digest, and put their names in the record, and should have gone further and proved that none of the persons whose names were attached to the petition and who were not on the tax digest, had become freeholders since the closing of the tax digest in July.

2. It is insisted by counsel for the plaintiff in error that the election was illegal, because the ordinary issued the second order for the election the same day that the petition was filed, and that he could not legally order an election until he had given notice of the petition by advertising the same for twenty days. While this may be true under a strict construction of the act, we do not

think the failure to advertise the notice for twenty days vitiates the election. The notice of the petition was given, and notice of the election was also given at the same time. There is no complaint that any voter in the district did not have notice that the petition for the election had been filed, or that any voter did not have notice that an election was ordered. It was a mere irregularity, and did not render the result of the election void.

Judgment affirmed