[No. 4503.]

## THE PEOPLE EX REL. O'REILLY v. MILLS, AS SECRETARY OF STATE.

**Constitutional Amendments—Injunction—Jurisdiction.**

The supreme court has no jurisdiction to restrain the secretary of state from publishing notices of proposed amendments to the constitution, prior to their being voted upon by the people, on the ground that such proposed amendments have been submitted without authority and are invalid even if adopted by the vote of the people.

## *Original Proceeding.*

Mr. H. B. O'REILLY, Mr. T. E. WATTERS and Mr. OSCAR REUTER, for relator.

Mr. C. C. POST, attorney general, Mr. C. A. ROBERTS, Mr. JAMES D. MERWIN and Mr. GEO. M. POST, assistants attorney general, and Mr. CLAY B. WHITFORD, Mr. E. T. TAYLOR and Mr. J. W. BUCKLIN, for respondent.

Mr. JUSTICE GABBERT delivered the opinion of the court.

Complainant has applied for leave to file a complaint, the purpose of which is to institute an action to enjoin respondent in his official capacity from publishing notices of the submission to the voters of amendments to the constitution proposed by the general assembly at its last regular session. Aside from the averments stating the interest which she has in the relief sought and wherein she will be damaged if it is not granted, it is sufficient to say, without entering into details, that the substantial ground upon which complainant bases her right to the relief demanded is, that the proposed amendments have been submitted without authority, are invalid, and for these reasons cannot be upheld, even if they should receive the requisite votes cast at the next general election. The town of Montclair asks for permission to intervene in a petition which is practically confined to an attack upon the validity of one of the proposed amendments, which contemplates the creation of a body politic to be known as the city and county of Denver; states wherein it will be injuriously affected if this proposal carries, and asks that respondent be enjoined from giving notices of its submission.

Changes in the organic law in the way of simple amendments can only be effected by the general assembly submitting to the voters the amendments proposed upon whom then devolves the power of adopting or rejecting such proposals. For the purpose of such legislation the voters exercise a legislative function and constitute a part of the legislative branch of the state government. *State v. Thorson,* 9 S. D., 149; Jameson on Constitutional Conventions, § 513c.

If such amendments receive the necessary votes,

they become a part of the constitution by virtue of its own provisions. In passing legislation of this character one of the steps required to be taken is, that notices of the proposed amendments shall be published by the secretary of state, in order that the voters may be advised of the questions submitted for their determination. The constitution enjoins this duty upon respondent in his official capacity, so that the results of prohibiting him from publishing these notices would be to inhibit the performance of an official act which he is directed to perform by the fundamental law of the state, arrest the passage of laws which as yet are in a formative stage, and prevent the legislative branch of the government from the exercise of functions within its sole province.

Notwithstanding the constitutional authority of this court to issue injunctions, it cannot do so for the purpose of controlling action which it has no power to direct. In amending the constitution the voters become the body which finally give vitality to proposed amendments or refuse to make a change by rejecting them. The exercise of this power is as much a step in passing and considering proposed legislation of this character as any the general assembly must take in passing ordinary statute laws. The judicial department can no more interfere with such legislation or the successive steps necessary to be taken to amend the constitution than it can with the general assembly in the passage of other laws, because the judicial cannot directly interfere with the functions of the legislative department. The latter by the constitution is invested with the power of legislation in the exercise of which it is supreme, and no other branch of the state government can usurp this authority, or directly prevent the exercise of this power. In the first instance the legislative department must determine what laws shall be

passed, what steps are necessary to that end, and the judicial department can not investigate the validity of proposed laws or the regularity of the steps taken to effect their passage in a proceeding which would result in directly controlling the functions of that branch of the government to which has been delegated the exclusive power of legislation. When laws have been passed no doubt in a proper case the inquiry can then be made as to whether or not the requirements of the fundamental law in their passage or in their provisions have been observed, but in the first instance the body to which has been delegated the power to pass laws must be left untrammeled, to act in such matters as its wisdom may dictate. *People v. District Court,* 29 Colo., 182; 68 Pac., 242; *Frost v. Thomas,* 26 Colo., 222; *State v. Thorson, supra; Clayton v. Calhoun,* 76 Ga., 270.

The applications are denied, and proceedings dismissed.          *Application denied.*