### OGBURN *et al. v.* ELMORE, ordinary.

1. The general rule is that equity will not interfere in any matter growing out of an election, which may be determined by a contest prescribed in the statute providing for the election.

2. The general local option liquor law providing that an election held thereunder may be contested for any cause which "impeaches the fairness of the election or the conduct of the ordinary," by proceedings instituted either in the superior court or before the ordinary, equity will not enjoin the ordinary from proclaiming the result of an election held under that law, on the ground that notice of the election had not been published for the prescribed time.

3. *Quœre*, whether persons who have voted at an election can attack it on the ground that notice had not been published as required by law.

4. *Quœre*, whether the failure to publish notice of an election the time required by law would invalidate the election, when all the electors had actual notice thereof.

Argued October 3, — Decided October 15, 1904.

Petition for injunction. Before Judge Littlejohn. Macon superior court. September 3, 1904.

On July 9, 1904, a petition was filed with the ordinary of Macon county, asking that an election be ordered, under the provisions of the local option law contained in the Political Code, § 1541 et seq., to determine whether intoxicating liquors should be sold in that county. On July 9, an order was passed submit-

ting the question to the voters of the county. Notice of the election was published in issues of a local newspaper published on the 15th, 22d, and 29th days of July, and the election was held on August 8th. The number of registered voters in the county was 1,424, and the number voting in the election was 1,168. The ordinary declared that a majority of the votes cast had been against the sale, and was proceeding to complete the publication of the result of the election, when two hundred and ninety-four of the persons voting at the election filed a petition asking that the further publication of the result be enjoined, and that an order be issued to three justices of the peace requiring them to recount the ballots cast at certain precincts. The petition was based upon the ground that notice of the election had not been published once a week for four weeks, as required by the statute, and upon numerous other grounds. The defendant demurred to the petition, and also filed an answer. At the hearing affidavits were introduced showing that the 256 registered voters who did not participate in the election had actual notice of it and of the purpose for which it was called. The judge refused the injunction, and the petitioners excepted. The only ground upon which it is insisted in this court that the injunction should have been granted is that the notice of the election was not published once a week for four weeks, as required by the statute.

*Joseph H. Hall* and *Malcolm D. Jones*, for plaintiffs.
*Greer & Felton* and *Hall & Wimberly*, for defendant.

COBB, J. (After stating the foregoing facts.) Elections by the people, either for the choice of public officers, or for the determination of other matters submitted to the popular vote, being the exercise of the political power, the general rule is that a court of equity will not interfere in any matter concerning the same. However, if under the guise of an election which is really unauthorized by law, the property or person of the citizen is imperiled, equity will interfere. *Mayor of Macon* v. *Hughes*, 110 *Ga.* 795 (2). In the present case neither the property nor person of any citizen will be imperiled by the election. The right to sell liquor is not a property right, and this is the only right of any person alleged to be imperiled. If the statute under which the election is held provides a method for contesting the same or

inquiring into its validity, this provision is exclusive, and neither a court of equity nor a court of law can give any relief; the only remedy being that provided in the statute. The general local option law, under which the election in the present case was held, provides that the election may be contested for any cause which "impeaches the fairness of the election or the conduct of the ordinary." Political Code, § 1546. The superior court has, under the act, jurisdiction to hear the contest under certain circumstances; and it has been held that the ordinary may, before he declares the result, hear any contest that may grow out of the election. *Drake* v. *Drewry*, 109 *Ga.* 399. Where the legislature provides for an election to determine a question of the character set forth in the law under which the election in this case was held, and "there is no provision made in the law for judicial interference, and no authority exists at common law for the same, then neither a court of law nor equity has any power or jurisdiction over the matter, but the matters arising out of such elections must be determined alone by the tribunal constituted by the legislature for that purpose, and the courts are powerless to interfere, unless the legislature in their wisdom shall see proper to confer such power on the courts." *Caldwell* v. *Barrett*, 73 *Ga.* 604, 608. An election under the local option law and the supervision thereof by the ordinary, "being the exercise of political and police powers incident to legislative and executive government, and not, in their general political and police effect, at all judicial, the courts have no jurisdiction to interfere except as conferred by the act itself." *Scoville* v. *Calhoun*, 76 *Ga.* 263. See also, in this connection, *Kemp* v. *Ventulett*, 58 *Ga.* 419; *Skrine* v. *Jackson*, 73 *Ga.* 377; *Woodard* v. *State*, 103 *Ga.* 496; 10 Am. & Eng. Enc. Law (2d ed.) 816–817. Nothing would more thoroughly impeach the fairness of the election and the conduct of the ordinary than the failure to advertise the same according to law; and hence this is, under the statute, one of the questions which must be determined by a contest either before the ordinary or the superior court. The statute providing a method for determining the question raised in regard to the sufficiency of the notice of the election, the judge did not err in refusing to grant the injunction prayed for.

Whether the present proceeding can be treated as one to con-

test the election under the statute is a question not 'now before us and will not be determined.

It has been said that one who participates in an election will not be heard to impeach it on the ground that notice thereof was not published as required by law.   Ellis v. Karl, 7 Neb. 381, 390. And there is authority to the ·effect that where actual notice of the election has been given, a failure to publish notice of the same for the time required by law will not invalidate the election; and that this is true even though the election is one where the time and place are not fixed by law but are to be fixed in the notice of the election.   See Ellis v. Karl, supra; State v. Carroll, 17 R. I. 591; Com. v. Smith, 132 Mass. 289; Dishon v. Smith, 10 Iowa, 218; Seymour v. Tacoma, 6 Wash. 427, 33 Pac. 1059; State v. Orvis, 20 Wis. 248; State v. Skirving, 19 Neb. 497, 27 N. W. 723; State v. Thayer (Neb.), 47 N. W. 705 (4).   But on these questions we now express no opinion.   ·

*Judgment affirmed.   All the Justices concur.*