### 5679. HEATH v. BELLAMY.

RUSSELL, C. J.   1. An election upon the stock law, and the supervision thereof by the ordinary, "being the exercise of political and police powers incident to legislative and executive government, and not, in their general political and police effect, at all judicial, the courts have no jurisdiction to interfere except as conferred by the act itself." *Scoville* v. *Calhoun*, 76 *Ga.* 263; *Ogburn* v. *Elmore*, 121 *Ga.* 74 (48 S. E. 702).

2. Questions relating to examining and counting the returns in an election to settle the question of "fence or no fence" must be made before the ordinary proclaims the result. *Dyson* v. *Pope*, 71 *Ga.* 205; *Woodard* v. *State*, 103 *Ga.* 500 (30 S. E. 522); *Drake* v. *Drewry*, 109 *Ga.* 399, 404 (35 S. E. 44).

3. The ruling in this case is controlled by the decision of the Supreme Court in *Mize* v. *Speight*, 82 *Ga.* 397. See also *Irvin* v. *Gregory*, 86 *Ga.* 611 (9 S. E. 1080). It was not error to dismiss the certiorari and render final judgment in the case.

*Judgment affirmed. Roan, J., absent.*

DECIDED AUGUST 22, 1914.

Certiorari; from Wilcox superior court—Judge George.   March 26, 1914.

In February, 1914, cows belonging to Heath and kept on his premises in Wilcox county were found in an uninclosed field of Bellamy in the same county, and were impounded and held in the possession of Bellamy, who claimed the right to impound them under the provisions of the stock law (Civil Code, § 2036), proclaimed to be of force in the county by virtue of an election held in July, 1913.   Bellamy notified Heath that the cows would be turned over to him on payment of $3 in settlement of the damage caused by them.   Heath refused to pay anything as damages, and sued out a possessory warrant for the cows.   On the trial of the case in a justice's court the foregoing facts appeared in evidence, and the plaintiff testified that the cows were shut up in his fenced field, and he did not know how they got out of the field.   The ordi-

nary testified for the plaintiff that "in the no-fence election held for the said county during the year 1913, the precinct managers of election for each district, after ascertaining and duly stating the number of ballots cast for and against the removal of fences in said county respectively, had forwarded by the managers of said several precincts the ballot boxes containing the ballots cast, tally sheets, etc., in each respective district directly to said ordinary, who thereupon, in the presence of several of said managers—not all of them—who had brought up the returns, having added respectively the number of ballots for the removal of fences and likewise the number of ballots against the removal of fences, as certified, ascertained, and returned by the managers of each respective district, subtracted the one from the other and declared the result to be in favor of no fence." Another witness for the plaintiff testified that the vote in the no-fence election held in Wilcox county in July, 1913, "was not consolidated as in case of election for members of the General Assembly. No board of supervisors or managers, composed of all or a majority of the managers of said election at the county site, together with one or more from the other polling precincts in the county, met and consolidated the vote; there was no consolidation except that done by the several precinct managers; that is, the managers of election at each precinct counted the votes cast at their respective precincts, ascertained the result, and forwarded the same to the ordinary, along with the ballot box and tally sheets, etc.; the ordinary consolidated the votes and proclaimed the final result." A certified copy of the ordinary's order proclaiming the result of this election was introduced in evidence. It was as follows: "Georgia, Wilcox County. In accordance with the provisions of the Code of 1910, notice is hereby given as follows: Whereas, under the provisions of the Code of 1910, in accordance with the law in such cases made and provided, and in compliance with the provisions of the law, an election was ordered to be held in Wilcox county on the first Wednesday in July, 1913, in which the question submitted to the lawful voters of said county was of fence or no fence; and whereas, in accordance with the law and in accordance with notices properly given, an election was held in Wilcox county at the court-house in each militia district, under the rules and regulations as provided for members of the General Assembly; and whereas the returns of said election were duly made to J. M.

Warren, ordinary of said county; now, therefore, after examining said returns and deciding upon all such questions as arose out of said election, I do proclaim the result of said election as follows: There was cast in said election for fence 557 ballots, and for no fence 597 ballots, making a majority of 40 ballots in favor of no fence in Wilcox county, in accordance with the law in such cases made and provided. This July 3d, 1913. J. M. Warren, Ordinary Wilcox County, Georgia."

The ordinary testified, that he had "called several no-fence or stock-law elections for Wilcox county. One election—the one immediately preceding the last election—was held the first Wednesday in July, 1912, and the result was 38 in the county for fence. The next one preceding this one was held in 1911 for the 1158th district, and resulted in one majority for no fence in the 1158th district; however, it was agreed by both factions that no result should be proclaimed, and none was. It was decided by the voters on both sides to treat the election as a nullity, and the ballots cast in said election for the 1158th district were destroyed." The plaintiff put in evidence a certified copy of an order of the ordinary, directing that an election be held in the 1158th district, G. M., of Wilcox county, on the first Wednesday in July, 1911, in which "the question of no fence or stock law" should be submitted to the voters of the district.

The justice's court entered judgment awarding the possession of the cows in question to the defendant. The plaintiff sued out certiorari, alleging that the judgment was error of law, and was without evidence to support it. The judge of the superior court overruled the certiorari and entered final judgment in favor of the defendant. Counsel for the plaintiff contended that the election held in 1913 was void,—that, because of the preceding election, it could not lawfully be held at that time, and that the ordinary had no authority to count the votes and consolidate the returns.

*E. H. Williams,* for plaintiff, cited: Civil Code, §§ 126, 2036; *Dyson* v. *Pope,* 71 *Ga.* 205; *Reese* v. *Gay,* 92 *Ga.* 309; *Nelms* v. *Pinson,* 92 *Ga.* 441.

*M. B. Cannon,* for defendant, cited: *Irvin* v. *Gregory,* 86 *Ga.* 611; *Chamblee* v. *Davis,* 115 *Ga.* 267; Civil Code, §§ 126, 2036.