## McCulley *et al. v.* McFarland *et al.*

GILBERT, J.   A consent decree was taken, enjoining the board of trustees
of the Rossville Consolidated School District from purchasing a site,
known as the McFarland Hill site, and constructing thereon a school
building.   Subsequently said board of trustees decided upon another
site, the Allgood-Stegall site, and undertook to purchase the same.
Thereupon a number of citizens and taxpayers of the district appealed
to the county board of education.   The county board of education
heard evidence and inspected various sites, including the McFarland
Hill site and the Allgood-Stegall site, which latter was the site
selected by the district trustees, and as to which the appeal was
taken.   The county board of education rejected the Allgood-Stegall
site, selected the McFarland Hill site, and passed a resolution di-
recting the local school board to proceed with the location of the
school building on the last-named site.   The local trustees were pro-
ceeding to build the schoolhouse on the McFarland Hill site, as directed
by the county board of education; whereupon the same citizens and
taxpayers who had brought about the original injunction filed a peti-
tion to the court, praying that the members of the county board of
education and the trustees of the Rossville School District be punished
for contempt in violating the terms of the injunction.   The court issued
a rule nisi, and after a hearing discharged the respondents, holding:
" The defendants are discharged from the rule for contempt, it appearing
that there was no willful violation of the court's order.   The McFarland
Hill site having been selected by the board of education upon appeal,
an they not being parties to the original injunction, the selection was
within the scope of their authority, and legal."   The exception in the
case before us is to the judgment quoted.   *Held:*

1. The injunction against the purchase of the school site by the board
   of trustees of the Rossville District, which resulted in the selection of
   another site and an appeal from that selection, had the legal effect of
   placing it within the power of the county board of education to make
   the selection of a site for the district schoolhouse.   " The county board
   of education shall constitute a tribunal for hearing and determining
   any matter of local controversy in reference to the construction or
   administration of the school law, with power to summon witnesses and
   take testimony if necessary; and when they have made a decision,
   said decision shall be binding upon the parties."   Acts 1919, p. 324; 8
   Park's Code Supp. 1922, § 1437(j).

2. The board of trustees of a school district, or board of education, is
   " authorized to remove, sell, or otherwise dispose of old buildings, or
   buildings and grounds, and select a new site and erect a new building
   thereon. . . Said board of education shall have nothing to do with
   the location of the school site in local districts, except on appeal."
   Properly construed, the powers herein granted to the trustees of local
   school districts and to the county board of education authorized, in
   the first instance, the local board of trustees for the school district to
   select new sites and erect new buildings, subject to appeal to the county
   board of education.   Where there is such appeal, the county board of

education has lawful authority to select the site and order the erection of buildings thereon; and the county board is not confined to the approval or disapproval of the site selected by the local board, but may reject that site and select an entirely different site.

3. Accordingly, in this case, the county board of education had the power and authority to select the "McFarland Hill" site; and after such selection, under the facts of this case, compliance by the local trustees with the judgment of the county board did not constitute a violation of the injunction previously granted.

(a) The injunction did not purport to interfere with the right of appeal from the selection made by the local board; and the appeal being regular, the decision on appeal rendered by the county board selecting the McFarland site was by due authority, and conferred the right to locate the school on that site. The injunction did not enjoin the exercise of any such right. On the hearing of the original injunction, which was against the local board, there may have been facts authorizing injunction applicable to that board which would not authorize it against the county board. It appears to us that the ownership by one of the local trustees of the site selected was such a fact.

4. The court did not err in discharging the respondents.

*Judgment affirmed. All the Justices concur.*

No. 3651.  JUNE 6, 1923.  REHEARING DENIED JUNE 26, 1923.

Contempt, etc.  Before Judge Wright.  Walker superior court. February 21, 1923.

*G. E. Maddox* and *Henry & Jackson,* for plaintiffs.

*Rosser & Shaw, R. M. W. Glenn,* and *Denny & Wright,* for defendants.