## CLARK *et al. v.* BOARD OF EDUCATION OF LAURENS COUNTY.

1. Where a board of education of one of the counties of this State called an election to determine the question of the consolidation of two school districts, and after the election was held, due and legal notice of the holding of the same having been given, the board met, received the returns, and declared the result in favor of the consolidation, a court of equity will not enjoin the board from doing the acts which they are authorized under the law to do, in view of the vote favoring the consolidation, on the ground that the election was illegal and void because, as it is alleged, the managers did not have a proper list of the qualified voters residing in the school districts affected, and that the persons who voted in favor of the consolidation had not taken the voter's oath required by law, and that a majority of the qualified voters residing in the district did not vote in favor of the consolidation.

2. The court did not err in sustaining a general demurrer to the petition for injunction in this case.

No. 5068. June 28, 1926.

Equitable petition. Before Judge Camp. Laurens superior court. August 29, 1925.

*Hightower & New,* for plaintiffs.

*E. L. Stephens,* for defendant.

Beck, P. J. Pursuant to the authority conferred by section 92 of an act to codify the school laws of this State, approved August 19, 1919 (Acts 1919, p. 288), the Board of Education of Laurens County called an election for the purpose of consolidating the school districts known as Peace School District and White Springs School District, and on the first day of June, 1925, the election was held. On the next day the board met, received and canvassed the returns of the election, and declared the result in favor of the consolidation of the two school districts. Subsequently H. M. Clark, B. F. Bracewell, J. B. Cox, and W. H. Swinson filed their petition to restrain the board from calling an election of trustees

Schools and School Districts, 35 Cyc. p. 839, n. 16.

of the consolidated school district, or issuing any commission to any one as trustee, and to restrain the board from calling an election for bonds in the consolidated district, or doing any other act which would in any wise recognize the consolidated district; and they prayed that the election and consolidation be declared null and void. Their application for injunction was based upon the grounds, that the persons who voted in favor of the consolidation were not qualified voters, for the reason that they had never taken the voter's oath required by law; that a majority of the qualified voters residing in the school district did not vote in favor of the consolidation; and that the managers of the election did not have, nor were they furnished with, a list of the qualified voters residing in the district. It is alleged, that petitioners are voters, taxpayers, and patrons residing in the school districts named; that the purported consolidation will work irreparable damage, injury, and loss to petitioners and other taxpayers and residents of said districts, for the reason that they have recently spent large sums of money in the erection of schoolhouses in said districts, and other improvements; and that all of this will go to naught unless they receive the relief herein sought.

The defendant filed its demurrer to the petition; and when this came on for a hearing in its regular order, the court sustained the general demurrer, and the petitioners excepted, assigning error upon that judgment.

The court properly sustained the general demurrer. Section 92 of the act to codify the school laws of this State, approved August 19, 1919 (Acts 1919, p. 288), confers upon the county board of education the authority to call an election to determine whether two or more school districts shall be consolidated. Due notice of the holding of the election is provided for in the act; and it is further provided that if at the election a majority of the qualified voters vote for consolidation, "the schools shall be consolidated, otherwise not;" and it is also provided that "the result of such election shall be determined and declared by the board of education, and the same shall be held as other elections are held." The election was held, and there is no complaint that due and legal notice of the holding of the same was not given. The school board met, received the returns, and declared the result, as the act requires them to do. The act makes no provision for a contest of

the election; but if the right to contest can be inferred from any of the provisions of the act, then if the voters of the district desired to contest the legality of the election, they should have filed contest before the result was declared; they could not wait until after the result was declared and then have an injunction upon the grounds presented in this petition. We think that questions similar to this have already been adjudicated by this court. In the case of *Skrine* v. *Jackson,* 73 *Ga.* 377, it was said: "1. Under the act of 1872 (Code [1882], § 1449), the ordinary is required, under certain circumstances, to order an election to determine the question of 'fence' or 'no fence;' the returns are to be made to him, and he is required to examine them and decide upon all questions that may arise out of the election, and proclaim the result. This is a part of the political power of the State, which the legislature has seen fit to confer upon the ordinary; and without some authority vested in the judicial department, it can not intervene or interfere in any manner with the power so granted to him. No provision is made by the act for any review of the decision of the ordinary, and it seems to have been contemplated that his action should be final and conclusive. 2. If the courts had jurisdiction in such a case, the remedy should have been sought before the ordinary had acted and the result had been proclaimed. After the ordinary had decided the questions before him and proclaimed the result of the election, it was then too late to seek redress by injunction."

And in the case of *Ivey* v. *City of Rome,* 129 *Ga.* 286 (58 S. E. 852), it was said: "When the General Assembly provides for an election to determine the question as to whether the territory of one municipality shall be annexed to the territory of another municipality, and no provision is made in the law for judicial interference, and there is no general law authorizing such interference, and the authority to interfere can not be derived from the common law, a court of equity has no power or jurisdiction over the matter, and all questions arising out of the election must be determined alone by the tribunal constituted by the General Assembly for that purpose." See also the cases of *Caldwell* v. *Barrett,* 73 *Ga.* 604; *Heath* v. *Bellamy,* 15 *Ga. App.* 89 (82 S. E. 665), and cit. *Judgment affirmed. All the Justices concur.*