PLAINFIELD CONSOLIDATED SCHOOL DISTRICT *et al.* v. COOK· *et al.*

No. 8220. SEPTEMBER 17, 1931.

*J. H. Milner,* for plaintiffs in error.

*O. J. Franklin* and *W. A. Wooten,* contra.

ATKINSON, J. A fund was provided by sale of bonds issued in pursuance of an election held under sec. 143 of the Code of School Laws (Ga. L. 1919, pp. 288, 345, as amended by Ga. L. 1921, pp. 221, 223; Michie's Code, § 1551(155) ; Park's Code Supp. 1922, § 1439(a)), for the purpose of building and equipping a schoolhouse in the Plainfield Consolidated School District of Dodge County, Georgia. Rivalry arose over two locations for the building, one within the limits of the Town of Plainfield and the other

outside of the municipal limits. The petition as amended is a suit by citizens and taxpayers of the school district, who have children of the school age and are patrons of the school, against the board of trustees of that district and its individual members, and the county board of education and its individual members, and the county superintendent of schools, for the writ of mandamus to compel the board of trustees with co-operation of the county board of education and superintendent of schools (so far as their co-operation is required by law) to build the schoolhouse at the location outside of the municipal limits, and to require the board of trustees of the consolidated district to execute to the county board of education a deed to described realty that had been purchased in their name for such school site. The exception is to a judgment overruling a general demurrer to the petition, refusing to submit any issue of fact to a jury, and granting a mandamus absolute.

1. "Where the question is one of public and not mere private right, and the object of mandamus is to enforce performance of a public duty, the relator need not show that he has any legal or special interest in the result; it being sufficient that he is interested in having the law executed and the duty enforced." *Board of Commissioners of Manchester* v. *Montgomery*, 170 *Ga.* 361(2) (153 S. E. 34). The power conferred upon the State superintendent of schools by sec. 58 of the Code of School Laws (Michie's Code, § 1551(58)) to enforce the law governing schools of the State receiving State aid, does not deny the remedy of mandamus to citizens and taxpayers who are patrons of the public schools in the Plainfield Consolidated School District, against officers charged with the duty of building a schoolhouse in that district. The instant suit by citizens and taxpayers, who are also patrons of the public schools in the Plainfield Consolidated School District, against the board of trustees of said district, the county board of education, and the county superintendent of public schools, for mandamus to compel action in the performance of official duty by building a schoolhouse in the district, comes within the principle first above stated; and consequently the plaintiffs had such interests as entitled them to sue.

2. "All official duties should be faithfully fulfilled; and whenever, from any cause, a defect of legal justice would ensue from a failure or improper fulfillment, the writ of mandamus may issue

to compel a due performance, if there be no other specific legal remedy for the legal rights." Civil Code, § 5440. Under this law mandamus is an available remedy against public officials charged with the duty of building a schoolhouse, to compel action in the discharge of such duty. The remedy is not inapplicable in the instant case on the ground, as contended, that "the building of a schoolhouse necessarily requires the performance of a series of continuous acts, such as the buying of lumber, brick, and other materials, the supervising of the work of laborers, carpenters, and bricklayers." The case does not come within the principle stated in *Jackson* v. *Cochran,* 134 *Ga.* 396 (67 S. E. 825, 20 Ann. Cas. 219), that mandamus "is not an appropriate remedy to compel a general course of official conduct for a long series of continuous acts to be performed under varying conditions."

3. Referring to section 85 of the Code of School Laws (Acts 1919, pp. 288-324; 8 Park's Code Supp. 1922, § 1437(j) ; Michie's Code, § 1551(90)), and section 144 of the Code of School Laws (Acts 1919, pp. 288-347; 8 Park's Code Supp. 1922, § 1439(b) ; Michie's Code, § 1551(156)), this court ruled: "Properly construed, the powers herein granted to the trustees of local school districts and to the county board of education authorized, in the first instance, the local board of trustees for the school district to select new sites and erect new buildings, subject to appeal to the county board of education. Where there is such appeal, the county board of education has lawful authority to select the site and order the erection of buildings thereon; and the county board is not confined to the approval or disapproval of the site selected by the local board, but may reject that site and select an entirely different site ;" and "accordingly, in this case, the county board of education had the power and authority to select the" school site in question. *McCulley* v. *McFarland,* 155 *Ga.* 700 (2, 3) (118 S. E. 52). The appeal to which the foregoing decision relates was made by citizens and taxpayers of the district "to the said county board of education." It was stated in the appeal that the trustees of the district had a meeting on July 27, 1922, at which a motion was carried to select the school site in question on condition that options be taken for the property selected as the school site, and that on August 17 following, at another meeting of the trustees, a motion was adopted authorizing the purchase of the site; also

that appellants did not know of the action at the first meeting of the trustees until the meeting of August 17; and that appellants attended the latter meeting and urged objections to selection of the site on stated grounds. The date of the appeal was August 24, 1922. The effect of the foregoing decision, considered in the light of the facts of the case, is a ruling that an appeal to the county board of education as referred to in the statute may be sufficient although not couched in the language of a technical appeal from one court to another or made within a specified number of days from the ruling complained of or filed with the board of trustees of the district. This ruling does not conflict with the decision in *Maddox* v. *Gilbert, 165 Ga.* 152 (140 S. E. 358), wherein it was held that a protest to an order of the board of education consolidating two school districts, which was not filed until after an election for trustees in the district, came too late.

4. Applying the law as construed in the foregoing decision to the instant case, the action of the county board of education selecting the site for the schoolhouse outside the municipality was within its authority, and was not void, as contended, upon the ground that said county board did not acquire "jurisdiction of the selection of the school site, for the reason that the so-called appeals were filed with the county board, and not with the local board of trustees, and the objections filed with the county board were not filed in a reasonable time, and were not in such form as to be tantamount to an appeal."

5. It is declared in section 90 of the Code of School Laws (Ga. L. 1919, pp. 228, 326; 8 Park's Code Supp. 1922, § 1437(o); Michie's Code, § 1551(96)): "Whenever two or more schools are consolidated as hereinafter provided, the county superintendent shall call an election of trustees for said consolidated schools from the district or districts concerned." Under this law, after two districts were by consolidation added to the Plainfield School District the county school superintendent did not call an election for trustees for the school district. *Held,* that official acts of the trustees, after consolidation of districts, in selecting the school site, were valid whether or not they were lawful officers; and the selection of the school site by them was not void and insufficient to authorize an appeal to the county board of education, as contended, because they were not elected after consolidation of the districts.

6. After selection of a school site outside of the municipality by the county board of education, on appeal to the State superintendent of schools under section 85 of the Code of School Laws (Ga. L. 1919, pp. 288, 324; 8 Park's Code Supp. 1922, § 1437(j); Michie's Code, § 1551(90)), the selection of the school site by the county board of education was approved.

7. The allegations of the petition as amended stated a plain legal duty of the trustees to take action in the matter of building a schoolhouse at the location designated by the county board of education, outside of the municipal limits; and it was an abuse of discretion to refuse to act in such matter. See *Gaines* v. *Dyer*, 128 *Ga.* 585 (3) (58 S. E. 175); *Wilkerson* v. *Rome*, 152 *Ga.* 762 (110 S. E. 895, 20 A. L. R. 1334); *Bryant* v. *Board of Education of Colquitt County*, 156 *Ga.* 688 (2 *a*) (119 S. E. 601); *Claxton* v. *Stanford*, 160 *Ga.* 752 (128 S. E. 887); *Board of Education of Long County* v. *Board of Education of Liberty County*, 173 *Ga.* 203 (159 S. E. 712). The case differs from *Manry* v. *Gleaton*, 164 *Ga.* 402 (138 S. E. 777), in·which there was a doubt as to the ultimate location of the court-house.

8. The selection of a location for the construction of a schoolhouse in a school district is a political power of the State, which the legislature has seen fit to confer upon the board of trustees of a district and the county board of education in which the district is located; and no provision is made for a review in equity of the decision of those bodies. *Board of Education of Burke County* v. *Hudson*, 164 *Ga.* 401 (2) (138 S. E. 792). This being so, the answer of the respondents setting up that the selection by the county board of education of the site outside the municipality was induced by a prior agreement of that body with citizens and patrons of the Leon and Ocmulgee districts to designate a school site outside of the Town of Plainfield, made in order to obviate objections by such citizens to consolidation of such districts with the Plainfield District, did not raise an issue .that should be submitted to a jury.

9. The brief of the plaintiffs in error does not mention or discuss any assignment of error on the judgment of the trial court requiring the board of trustees to execute a deed to the county board of education, and the assignments of error relating to that question will be treated as abandoned.

10. The petition as amended sufficiently alleged ground for grant of mandamus absolute to compel the defendants to take action in the building of a schoolhouse at the location in question, outside of the municipal limits; and the judge did not err in overruling the demurrer and in making the mandamus absolute.

*Judgment affirmed. All the Justices concur.*