CHURCH *et al.* v. PURCELL, county school superintendent, *et al.; et vice versa.*

GRICE, Justice. 1. On the call of this case for argument there was no appearance for the plaintiff in error in the main bill of exceptions, by brief or otherwise. Therefore the writ of error as to that bill of exceptions must be dismissed. *Vann* v. *Wardlaw,* 180 *Ga.* 573 (179 S. E. 726), and cit.

2. Where a petition shows on its face that the county school authorities issued a call for an election to be held on the issue of consolidation, and alleges that, "acting upon the void call for an election, . . the county board of education caused an election to be held," etc., an allegation that "said call set out no legal place for the ballots to be cast at said election, and set out no legal place or places for the holding of said election, and said call was therefore a nullity," should have been stricken on special demurrer, no call for said election being set forth in the petition or attached thereto as an exhibit, and no facts being pleaded on which to base the conclusion that said election was void.

3. Where a county board of education called an election to determine the question of consolidation of four school districts, and after the election was held as provided for in the Code, § 32-917, after due and legal notice of holding the same had been given, the board met, received the return, and declared the result in favor of the consolidation, a court of equity will not enjoin the board from doing the acts which they are under the law authorized to do, on the ground that the election was

illegal and void because, as petitioners allege, a majority of the qualified voters residing in the district did not vote in favor of the consolidation. *Clark* v. *Board of Education of Laurens County*, 162 *Ga.* 439 (134 S. E. 74).

4. The law places upon the county board of education the duty to determine whether a majority of the qualified voters of the district vote in favor of consolidation, notwithstanding the fact that the returns of the election might show a different result. *Smith* v. *Board of Education of Walton County*, 174 *Ga.* 735 (164 S. E. 41).

5. The consolidation of school districts is a part of the political power of the State which the legislature has seen fit to confer upon the county board of education, with a referendum to the voters of the consolidated districts to approve or disapprove the consolidation; and in the absence of any provision made by the statute for a review in equity of the decision of the board, the remedy by popular vote is the only one open to patrons of one or more of the schools consolidated, who are dissatisfied with the consolidation. *Board of Education of Burke County* v. *Hudson*, 164 *Ga.* 401 (138 S. E. 792); *Plainfield Consolidated School District* v. *Cook*, 173 *Ga.* 447, 451 (160 S. E. 617).

6. The court erred in not sustaining the demurrer to the petition.

*Judgment reversed on the cross-bill of exceptions. Writ of error on main bill dismissed. All the Justices concur.*

Nos. 12283, 12295. April· 12, 1938.

No appearance for plaintiffs.

*Bynum & Frankum,* for defendants.