32254.  HOLTZENDORF *et al. v.* GLYNN COUNTY *et al.*

DECIDED FEBRUARY 17, 1949.  REHEARING DENIED MARCH 31, 1949.

*G. B. Cowart,* for plaintiffs in error.

*Gowen, Conyers & Dickey, J. J. Lissner Jr.,* contra.

MacINTYRE, P. J.   Prior to the enactment of the Declaratory Judgment Law (Code, Ann. Supp., § 110-1101 et seq., Ga. L. 1945, pp. 137-139), it was well established that an election under the stock law (Code, § 62-501), upon the question of fence or no-fence, and the ordinary's supervision of the election, are in the exercise of political and police powers incident to legislative and executive government, and are not, in their general political and police effect, at all judicial.   The courts have no jurisdiction to interfere except as conferred by the act itself.  *Scoville* v. *Calhoun,* 76 *Ga.* 263; *Ogburn* v. *Elmore,* 121 *Ga.* 72 (48 S. E. 702); *Heath* v. *Bellamy,* 15 *Ga. App.* 89 (82 S. E. 665).   And this was true whether at law (*Heath* v. *Bellamy,* supra; *Reeves*

v. *Gay,* 92 *Ga.* 309 (18 S. E. 61), or in equity (*Clark* v. *Board of Education of Laurens County,* 162 *Ga.* 439 (134 S. E. 74); *Skrine* v. *Jackson,* 73 *Ga.* 377; *Caldwell* v. *Barrett,* 73 *Ga.* 604; *Board of Education of Burke County* v. *Hudson,* 164 *Ga.* 401 (138 S. E. 792); *Church* v. *Purcell,* 186 *Ga.* 95, 96 (196 S. E. 806); *Davis* v. *Haddock,* 191 *Ga.* 639 (13 S. E. 2d, 657); *Plainfield Consolidated School District* v. *Cook,* 173 *Ga.* 447 (160 S. E. 617); *Tharpe* v. *Hardison,* 69 *Ga.* 280, 283; *Freeman* v. *McDonald,* 72 *Ga.* 812; *Irvin* v. *Gregory,* 86 *Ga.* 605, 611 (13 S. E. 120); *Chamlee* v. *Davis,* 115 *Ga.* 266, 267 (41 S. E. 691); *Nelms* v. *Pinson,* 92 *Ga.* 441 (17 S. E. 350). All questions arising out of the election must be determined by the tribunal constituted by the General Assembly for that purpose (*Ivey* v. *Rome,* 129 Ga. 286, 58 S. E. 852); and the provisions of the stock law for holding elections designate the ordinary as the tribunal for the purpose, where it is stated: "The returns of said election shall be made to the ordinary, who, after examining the same and *deciding upon all questions which may arise out of said election,* shall proclaim the result by notice as aforesaid." (Emphasis supplied.)

The enactment of the Declaratory Judgment Law did not, we think, oust the ordinary's jurisdiction to decide "upon all questions which may arise out of said election," in the absence, of course, of the presentation of a constitutional question. *Scoville* v. *Calhoun,* supra; *Clayton* v. *Calhoun,* 76 *Ga.* 270. The General Assembly, in its wisdom, has seen fit to confer upon the ordinary a part of the political power of the State, and no provision was made for review by the judiciary. The decision of the ordinary is final in declaring the results of the election, and it would be an assumption of power on the part of the judiciary to intervene in this case in the absence of statutory authority to do so. No such authority has been pointed out to us nor has our research disclosed any. The enactment of the Declaratory Judgment Law does not, we think, confer such authority. The ordinary, for the purpose of stock elections, is constituted a special statutory tribunal from whose decision there is no review and no appeal save that of another election as provided by statute. *Seymour* v. *Almond,* 75 *Ga.* 112; *Skrine* v. *Jackson,* supra. The declaratory action was not designed to interfere with the jurisdiction of such special courts, and " 'where . . a

statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed.'"* Felton v. Chandler, 75 Ga. App. 354 (9) (43 S. E. 2d, 742). To illustrate by one query the position taken by this court, that the declaratory judgment was not intended to usurp the jurisdiction of specially constituted statutory tribunals, where the statute provides a special form of remedy for a specific type of case, could it be said that an injured employee, coming within the provisions of the Workmen's Compensation Law, may by-pass the Workmen's Compensation Board and have his claim adjudicated under the Declaratory Judgment Law by a court other than the board? To ask is to answer the question.

The fact that the Judge of the City Court of Brunswick acted in behalf of the ordinary during his absence in no way alters the situation. Code § 24-1710 provides: "Whenever an ordinary is disqualified or from sickness or other causes is incapacitated to act in any cause, the county judge or city court judge, and, if there be no such courts, then the clerk of the superior court of such ordinary's county may exercise all the jurisdiction of ordinary in such case."

We think, therefore, that the petition as brought in the instant case does not come within the provisions of the Declaratory Judgment Act, and the court did not err in sustaining the several demurrers thereto or in dismissing the petition.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*